ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A Professional Law Corporation
Nate J. Kowalski        State Bar No. 181136
    NKowalski@aalrr.com
Amber S. Healy        State Bar Number 232730
    AHealy@aalrr.com
Michael J. Morphew        State Bar No. 304463
    MMorphew@aalrr.com
Lauren S. Gafa        State Bar No. 316896
    LGafa@aalrr.com
12800 Center Court Drive South, Suite 300
Cerritos, California 90703-9364
Telephone:  (562) 653-3200
Fax:  (562) 653-3333

Attorneys for Defendant, The Kroger Co.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| OMAR ROSALES on behalf of himself, all others similarly situated, and on behalf of the general public,<br><br>Plaintiffs,<br><br>v.<br><br>THE KROGER CO.; and DOES 1-100,<br><br>Defendants. | Case No.<br><br>*Removed from Orange Cnty. Supr. Ct., Case No. 30-2021-01191329-CU-OE-CXC*<br><br>**DEFENDANT THE KROGER CO.'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT UNDER 28 U.S.C. §§ 1332(d), 1441, 1446, AND 1453**<br><br>Complaint Filed:   March 24, 2021<br>Removal Date:  April 28, 2021 |

**TO THE CLERK OF THE ABOVE–ENTITLED COURT, PLAINTIFF, AND PLAINTIFF'S COUNSEL OF RECORD:**

Pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446, and 1453, and all other applicable bases for removal, Defendant The Kroger Co. ("Kroger") hereby removes the action entitled *Omar Rosales, on behalf of himself, all others similarly situated, and on behalf of the general public v. The Kroger Co., et al.*, pending in the

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

DEFENDANT THE KROGER CO.'S NOTICE OF REMOVAL
OF CIVIL ACTION TO FEDERAL COURT

Superior Court of the State of California for the County of Orange, Case No. 30-2021-01191329-CU-OE-CXC, to the United States District Court, Central District of California, Southern Division.

Removal is based on the Class Action Fairness Act ('CAFA'). This Court has original subject matter jurisdiction over Plaintiff's lawsuit under 28 U.S.C. sections 1332(d), 1441, 1453 and 1446, because minimal diversity exists and the amount in controversy exceeds $5,000,000. Accordingly, removal is proper based on the following grounds:

## I.   STATEMENT OF JURISDICTION UNDER CAFA

1.     On February 18, 2005, CAFA was enacted. CAFA grants federal district courts original jurisdiction over civil class action lawsuits filed under federal or state law in which any member of a class of plaintiffs is a citizen of a state different from any defendant, and where the matter in controversy exceeds $5,000,000, exclusive of interest and costs.

2.     This Court has jurisdiction over this case under CAFA, 28 U.S.C. section 1332(d), and this case may be removed pursuant to the provisions of 28 U.S.C. section 1441(a), in that it is a civil class action wherein: (i) the proposed class contains at least 100 members; (ii) the defendants are not states, state officials, or other governmental entities; (iii) the total amount in controversy for all class members exceeds $5,000,000; and, (iv) there is diversity between at least one class member and one defendant.

3.     CAFA's minimal diversity requirement is satisfied when (i) at least one plaintiff is a citizen of a state in which none of the defendants are citizens; (ii) at least one plaintiff is a citizen of a foreign state and one defendant is a U.S. citizen; or (iii) at least one plaintiff is a U.S. citizen and one defendant is a citizen of a foreign state. (28 U.S.C. § 1332(d).)

4.     As set forth below, this case meets all of CAFA's requirements for removal and is timely and properly removed by the filing of this Notice.

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

DEFENDANT THE KROGER CO.'S NOTICE OF REMOVAL
OF CIVIL ACTION TO FEDERAL COURT

## II.   <u>PLEADINGS, PROCESS, AND ORDERS</u>

5.     On March 24, 2021, Plaintiff Omar Rosales ("Plaintiff"), a former Kroger employee, filed a Class Action Complaint for Damages ("Class Action Complaint") in the Superior Court of the State of California, County of Orange, captioned *Omar Rosales, on behalf of himself, all others similarly situated, and on behalf of the general public v. The Kroger Co., et al.,* Case No. 30-2021-01191329-CU-OE-CXC. (Declaration of Amber S. Healy ("Decl. Healy"), ¶ 2.) A true and correct copy of Plaintiff's Class Action Complaint is attached hereto as **Exhibit A**. A true and correct copy of the Summons is attached here to as **Exhibit B**.  A true and correct copy of the Civil Case Cover Sheet is attached hereto as **Exhibit C.**

6.     On March 29, 2021, Plaintiff served the Summons and Class Action Complaint on Kroger's Agent for Service of Process.  A true and correct copy of Plaintiff's Proof of Service of the Summons and Class Action Complaint is attached hereto as **Exhibit D.**

7.     In accordance with the requirements of 28 U.S.C. § 1446(a), true and correct copies of all processes, pleadings, and orders, served on or filed by Kroger in the Superior Court of the State of California, County of Orange are attached hereto as **Exhibits A-D** (Class Action Complaint; the Summons; Civil Case Cover Sheet; and Proof of Service, respectively). To Kroger's knowledge, no other documents have been filed or served upon it.

8.     Plaintiff's Class Action Complaint alleges seven causes of action as follows:

(1)     Failure to Pay All Straight Time Wages;

(2)     Failure to Pay All Overtime Wages;

(3)     Failure to Provide Meal Periods (Lab. Code §§ 226.7, 512, IWC Wage Order No. 1-2001(11); Cal. Code Regs., tit. 8 § 11010);

(4)     Failure to Authorize and Permit Rest Periods (Lab. Code §§ 226.7, 512, IWC Wage Order No. 1-2001(12); Cal. Code

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

DEFENDANT THE KROGER CO.'S NOTICE OF REMOVAL
OF CIVIL ACTION TO FEDERAL COURT

Regs., tit. 8 § 11010);

(5)     Knowing and Intentional Failure to Comply with Itemized Employee Wage Statement Provisions (Lab. Code §§ 226, 1174, 1175);

(6)     Failure to Pay All Wages Due at the Time of Termination of Employment (Lab. Code §§ 201-2013); and

(7)     Violation of Unfair Competition Law (Bus. & Prof. Code § 17200, *et seq.*).

9.      In the Class Action Complaint, Plaintiff seeks to represent a proposed class of: "All California who are employed or have been employed by Defendant in the State of California at the La Habra Bakery as nonexempt, hourly employees called 'associates' during the period of the relevant statute of limitations." (Class Action Complaint ¶ 21.)     Plaintiff also seeks to represent thirteen distinct sub-classes. (*Id.*)

10.     Based on the class definition, Kroger initiated an investigation to determine whether the Complaint may put in controversy an amount in excess of $5,000,000 as to provide a basis for removal. (Decl. Healy, ¶ 5.)

11.     Pursuant to 28 U.S.C. § 1446(d), a removal notice, together with a copy of the instant Notice of Removal, shall be filed with the clerk of the Superior Court of the State of California in and for the County of Orange, and shall be served on Plaintiff.

12.     Pursuant to 28 U.S.C. § 1446(d), written notice of removal and copy of this Notice of Removal will be filed with the Clerk of the Superior Court of the State of California, County of Orange and served on Plaintiff's counsel of record.

13.     No previous application has been made for the relief requested herein.

14.     In the event any question arises as to the propriety of removal of this action, Kroger requests the Court issue an Order to Show Cause so Kroger may have an opportunity to present briefing supporting its position that this case is removable.

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

- 4 -
DEFENDANT THE KROGER CO.'S NOTICE OF REMOVAL
OF CIVIL ACTION TO FEDERAL COURT

15.     Removal to this Court is proper pursuant to 28 U.S.C. §§ 1441 and 1446 because the State Court action is currently pending in this Judicial District.

## III.   NOTICE OF REMOVAL IS TIMELY

16.     A notice of removal may be filed within thirty (30) days after service of the Complaint. 28 U.S.C. § l446(b).

17.     On March 29, 2021, Plaintiff served Kroger Co. with the Summons and Class Action Complaint through its registered agent for service of process.  (**Exhibit D**, Plaintiff's Proof of Service.)  This Notice of Removal is filed with this Court within 30 days after service of the Class Action Complaint under Federal Rule of Civil Procedure, Rule 6.  This Notice of Removal is therefore timely under 28 U.S.C. § 1446(b).

## IV.   GROUNDS FOR REMOVAL

### A.   Removal Under the Class Action Fairness Act

18.     This is a civil action over which the Court has original jurisdiction under 28 U.S.C. § 1332(d), and one that may be removed to this Court by Kroger pursuant to 28 U.S.C. §§ 1441(b) and 1446.

19.     Under CAFA, a removing defendant need not submit any evidence of facts establishing jurisdiction in its notice of removal.  (*Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 84 (2014) ("*Dart Cherokee*".) Rather, a notice of removal "need include only a plausible allegation" that the jurisdictional facts exist. (*Id.* at 89.) Evidence is required "*only* when the plaintiff contests, or the court questions, the defendant's allegation." (*Id.* (emphasis added).)

20.     In *Dart Cherokee*, the U.S. Supreme Court held "no antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court," adding that CAFA's "provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant." (*Id.* (emphasis added) (citations omitted).) Following *Dart Cherokee*, the Ninth

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

DEFENDANT THE KROGER CO.'S NOTICE OF REMOVAL
OF CIVIL ACTION TO FEDERAL COURT

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

Circuit has directed the district courts to "interpret CAFA's provisions under section 1332 *broadly in favor of removal . . . .*" (*Jordan v. Nationstar Mortg. LLC*, 781 F.3d 1178, 1184 (9th Cir. 2015) (emphasis added); *See Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015) ("Congress intended CAFA to be interpreted expansively."); *see also Bridewell-Sledge v. Blue Cross of Cal.*, 798 F.3d 923, 929 (9th Cir. 2015) (finding, in light of *Dart Cherokee*, the district court erred "in its remand orders by applying a 'strong presumption against removal jurisdiction'"); *Moppin v. Los Robles Reg'l Med. Ctr.*, No. 15-cv-1551 JGB (DTBx), 2015 WL 5618872 at *2 (C.D. Cal. Sept. 24, 2015) ("[N]o presumption against removal exists in cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court.").)

### 1.   Purported Class Action Under State Law

21.   For an action to fall within CAFA, it must be brought under Federal Rule of Procedure governing class actions or a similar state statute or rule. (28 U.S.C. § 1332(d)(1)(B); *Hawaii ex rel. Louie v. HSBC Bank Nevada, N.A.*, 761 F.3d 1027, 1039 (9th Cir. 2014); *College of Dental Surgeons of Puerto Rico v. Connecticut General Life Ins. Co.*, 585 F.3d 33, 40-41 (1st Cir. 2009).)

22.   Plaintiff styled this action as a class action, as Plaintiff brought this action "on behalf of himself and all others similarly situated as a class action pursuant to section 382 of the California Code of Civil Procedure." (Exhibit A, Class Action Complaint, ¶ 21.)  California Code of Civil Procedure section 382 is a state statute authorizing an action to be brought by one or more representative persons as a class action.  Plaintiff's action therefore constitutes a class action for purposes of CAFA.

23.   On the basis of its own investigation, Defendant determined that based on the proposed class and thirteen subclass definitions in Plaintiff's Class Action Complaint, the putative class in this case exceeds one–hundred (100) members during the period beginning on the date four (4) years prior to the filing of the Class

010574.00027
32377756.2

Action Complaint through to the time of filing of this Notice of Removal. (Declaration of Teresa Gonzalez ("Gonzalez Decl."), ¶ 5.)

### 2. CAFA's Minimal Diversity of Citizenship Exists

24.    CAFA requires minimum diversity of citizenship, pursuant to 28 U.S.C. section 1332(d)(2):

> The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which –
>
> (A) any member of a class of plaintiffs is a citizen of a State different from any defendant.

25.    Plaintiff's Class Action Complaint alleges Plaintiff is a resident of California.   (Exhibit A, Class Action Complaint, ¶ 13.)   Kroger's employment records establish that Plaintiff, a former employee, was a resident of California throughout his employment and until his termination. At all times during his employment with Kroger, Plaintiff worked for Kroger in the City of La Habra, County of Orange.  (Gonzalez Decl., ¶ 6.)

26.    Although no evidence of domicile is required at the notice of removal stage, "[p]roof of residence in a state is usually thought prima facie evidence of domicile." (*Bradley Min. Co. v. Boice*, 194 F.2d 80, 84 (9th Cir. 1951); *Dart Cherokee*, 574 U.S. at 89; *See Anderson v. Watt*, 138 U.S. 694, 706 (1891) ("The place where a person lives is taken to be his domicile until facts adduced establish the contrary . . . ."); *See also Barbosa v. Transp. Drivers, Inc.*, No. 15-cv-1834-DMG (DTBx), 2015 WL 9272828 at *2 (C.D. Cal. Dec. 18, 2015) ("[A] person's residence is prima facie evidence of his or her place of domicile for purposes of diversity jurisdiction . . . ." (citation omitted).). Furthermore, "a party with the burden of proving citizenship may rely on the presumption of continuing domicile, which provides that, once established, a person's state of domicile continues unless rebutted with sufficient evidence of change." (*Mondragon v. Capital One Auto Fin.*, 736 F.3d 880, 885 (9th Cir. 2013).)

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

010574.00027
32377756.2

27.     Defendant therefore alleges Plaintiff is now at the time of this removal, and was at the institution of this civil action, domiciled in California.  Accordingly, Plaintiff is now at the time of this removal, and was at the institution of this civil action, a citizen of California for purposes of determining diversity. (*See* 28 U.S.C. § 1332(a)(1) (an individual is a citizen of the state in which she is domiciled).)

28.     For purposes of diversity, a corporation is a citizen of both the State in which it is incorporated and the State that constitutes the corporation's "principal place of business." (28 U.S.C. § 1332(c)(1).)   The "phrase 'principal place of business' in 28 U.S.C. §1332(c)(l) refers to the place where the corporation's high level officers direct, control and coordinate the corporation's activities."  (*Hertz Corp. v. Friend* (2010) 559 U.S. 77, 92-93.)   The principal place of business is where the corporation "maintains its headquarters – provided that the headquarters is the actual center of direction, control and coordination."  (*Id.*)

29.     Under the foregoing standard, Kroger is, and was at the time of filing of this action, a corporation incorporated under the laws of the State of Ohio. (Declaration of Dorothy Roberts ("Roberts Decl."), ¶ 3.)  Moreover, at all relevant times, including at the time the Complaint was filed and served, and at the time of this Notice of Removal, Kroger's principal place of business was and is in Cincinnati, Ohio because Kroger performs the vast majority of its executive and administrative functions at its corporate headquarters in Cincinnati, Ohio.  (Roberts Decl., ¶¶ 3-4.)

30.     The citizenship of fictitiously named "Doe" defendants is to be disregarded for purposes of removal.  (28 U.S.C. 1441(a); *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) [unnamed defendants sued as "Does" are not required to join in a removal petition].)  Thus, the inclusion of "Doe" defendants in the Complaint has no effect on Kroger's ability to remove.

31.     In accordance with the foregoing, Plaintiff is a citizen of the State of California while Defendant Kroger is a citizen of the State of Ohio, thus, complete

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

DEFENDANT THE KROGER CO.'S NOTICE OF REMOVAL
OF CIVIL ACTION TO FEDERAL COURT

1   diversity exists because Plaintiff is a citizen of a state different than Kroger.

2      **3.**  <u>**The Amount in Controversy Satisfies CAFA's $5,000,000**</u>

3         <u>**Threshold**</u>

4      32. Without making any admission of liability or damages with respect to

5   any aspects of this case or Plaintiff's allegations on behalf of himself and the

6   putative class, the amount in controversy exceeds the jurisdictional minimum of this

7   Court as detailed below. allegation

8      33. "[A] defendant's notice of removal need include only a plausible

9   allegation that the amount in controversy exceeds the jurisdiction threshold." (*Dart*

10  *Cherokee*, 574 U.S. at 89.) A defendant need not set forth evidence establishing the

11  amount in its notice of removal. (*Id*.) A defendant can establish the amount in

12  controversy by setting forth a plausible allegation in the notice of removal that the

13  amount placed in controversy by Plaintiff exceeds the jurisdictional minimum. (*See*

14  *Dart Cherokee*, 574 U.S. at 554 (holding that "a defendant's notice of removal need

15  include only a plausible allegation that the amount in controversy exceeds the

16  jurisdictional threshold" and evidentiary submissions are required only if "the

17  plaintiff contests, or the court questions, the defendant's allegations").)

18     34. Plaintiff's Class Action Complaint is silent as to the total amount in

19  controversy.  The failure of the Complaint to specify the total amount of damages or

20  other monetary relief sought by Plaintiff, however, does not deprive this Court of

21  jurisdiction.  (*See Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398 (9th Cir.

22  1996) (defendant may remove suit to federal court notwithstanding failure of

23  plaintiff to plead specific dollar amount in controversy).)  Defendant need only

24  establish by a preponderance of the evidence that the claims exceed the

25  jurisdictional minimum.  (*Singer v. State Farm Mut. Auto. Inc. Co.*, 116 F.3d 373,

26  376 (9th Cir. 1997); *Sanchez*, *supra*, 102 F.3d at 404.)

27     35. Notwithstanding Plaintiff's failure to allege the total amount of

28  monetary relief claimed, CAFA authorizes the removal of class action in which the

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

aggregate amount in controversy for all potential class members exceeds $5,000,000. (*See* 28 U.S.C. § 1332(d); *Coleman v. Estes Express Lines, Inc.*, 730 F. Supp.2d 1141, 1147 (C.D. Cal. 2010).) While Kroger denies Plaintiff's claims of wrongdoing and denies the requests for relief thereon, the allegations in Plaintiff's Complaint and the total amount of wages, penalties, attorneys' fees, injunctive relief, and other monetary relief at issue in this action exceed this Court's jurisdictional minimum. (*See Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999) (considering facts presented in notice of removal, including defendant's declarations, along with plaintiff's allegations in finding jurisdictional limits satisfied under CAFA); *Rea v. Michaels Stores, Inc.*, 742 F.3d 1234 (9th Cir. 2014); *Brumback v. Hyatt Corporation*, No. 20-cv-2231-WQH-KSC, 2021 WL 926692, (S.D. Cal. Mar. 11, 2021); *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008) ("The ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will *actually* owe." (citation omitted)).) The alleged amount in controversy here exceeds $5,000,000, exclusive of interest and costs as set forth below.

36. In evaluating the amount in controversy in CAFA removal matters involving labor law violations, "numerous courts have found violation rates between 25% to 60% to be reasonable based on 'pattern and practice' and 'policy and practice' allegations." (*See Zamora v. Penske Truck Leasing Co., L.P.,* No. 20-cv-2503-ODW (MRWX), 2020 WL 4748460, at *3 (C.D. Cal. Aug. 17, 2020), *citing Castillo v. Trinity Servs. Grp., Inc.,* No. 19-cv-01013-DAD (EPG), 2020 WL 3819415, at *7 (E.D. Cal. July 8, 2020) (summarizing and citing cases fining 25% to 60% violation rates to reasonable on "pattern and practice" allegations).) On the other hand, when a plaintiff asserts claims of "uniform" violations courts have determined "it might be reasonable to assume a 100% violation rate . . . ." (*Zamora*, 2020 WL 4748460, at *3 (citations omitted); *See also Mejia v. DHL Express (USA), Inc.,* No. 15-cv-890-GHK (JCX), 2015 WL 2452755, at *4-*6 (C.D. Cal. May 21,

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

010574.00027
32377756.2

DEFENDANT THE KROGER CO.'S NOTICE OF REMOVAL
OF CIVIL ACTION TO FEDERAL COURT

2015) (discussing and approving of 100% violation rate for rest break, failure to pay wages at termination  and wage statement claims where plaintiff alleged unlawful policies that were uniformly applied).)

37.    Plaintiff here alleges generally that "KROGER has maintained uniform policies that violate the wage and hour rights of Plaintiff and similarly situated non-exempt, hourly La Habra Bakery associates . . . ." (Class Action Complaint, ¶ 5.) Specifically, Plaintiff alleges Kroger had "uniform policies applicable to all [class members]" and "failed to provide [putative class members] with meal periods . . . and failed to authorize and permit rest periods . . . ." (Class Action Complaint, ¶ 7.) Plaintiff further alleges Kroger had "uniform policies applicable to all [class members]" to "knowingly and intentionally provide[] wage statements to employees that fail to specifically itemize everything required under California Labor Code section 226 (a)."  (*Id.* ¶ 8.)  And that "through uniform policies applicable to all nonexempt, hourly La Habra Bakery associates, KROGER knowingly and intentionally failed to pay all wages owed to non-exempt, hourly La Habra Bakery associates in a timely manner at the time [class members] terminated their employment – either voluntarily or involuntarily – with KROGER."  (*Id.* ¶ 9.). Plaintiff further avers that straight time, minimum wages, and overtime wages are due to Plaintiff and the class members based on "uniform," "continuous and consistent" policies involving the unlawful deduction of wages, failing to pay for pre– and post–shift work, clocking–out class members for meal periods when such meal periods were not provided. (*Id.* ¶¶46-62).  Plaintiff also asserts, with respect to meal periods and rest periods, the policies were "uniform" and there was a "pattern and practice" that prevented compliant meal and rest breaks.  (*Id*. ¶ 7 (alleging uniform policies related to meal and rest breaks); ¶¶ 71, 87 (alleging "pattern and practice of assigning too much work . . . resulting in [non–provision] of" meal periods and rest breaks).)  Based on the allegations, Defendant would be justified in utilizing a violation rate of 100% on all claims alleged—however, Defendant has

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

DEFENDANT THE KROGER CO.'S NOTICE OF REMOVAL
OF CIVIL ACTION TO FEDERAL COURT

assumed a reasonable violation rates based on the information available to it and as detailed below.

38.    Plaintiff asserts claims for himself and the putative class for, among other things: **(1)** Failure to Pay All Straight Time Wages; **(2)** Failure to Pay All Overtime Wages; **(3)** Failure to Provide Meal Periods; **(4)** Failure to Authorize and Permit Rest Periods; **(5)** Knowing and Intentional Failure to Comply with Itemized Employee Wage Statement Provisions; **(6)** Failure to Pay All Wages Due at the Time of Termination of Employment; and **(7)** Violation of Unfair Competition Law. Defendant provides the following calculations to demonstrate that the amount in controversy is satisfied:

    a.    **Failure to Pay All Straight Time and Minimum Wages Calculations**:  Plaintiff seeks to recover damages for alleged failure to pay all straight time wages and minimum wages for hours worked on behalf of himself and the class.  (Exhibit A, Complaint, ¶¶ 45-55; Prayer ¶¶ C, D, E, Q.)  Kroger denies this claim and intends to raise several defenses thereto.  However, if members of the putative class were to prevail on this claim and are owed straight time wages, the amount in controversy for the putative class is at least **$2,197,122.44** (Healy Decl., ¶ 10.)  This conservative amount in controversy was arrived at using only one (1) hour of unpaid time per employee per workweek between the statutory period of March 24, 2017 to the present. (Exhibit A, Complaint ¶ 5; Cal. Code Civ. Pro. § 338(a) and Cal. Bus. & Prof. Code § 17208.) This amount includes the liquidated damages in an amount equal to the unpaid wages as authorized under Labor Code section 1194.2 and sought by Plaintiff. (Exhibit A, Class Action Complaint ¶¶ 10, 47; Prayer ¶ Q.) The specific method used in calculating the amount in controversy

010574.00027
32377756.2

DEFENDANT THE KROGER CO.'S NOTICE OF REMOVAL
OF CIVIL ACTION TO FEDERAL COURT

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

for this claim, including the basis for using one unpaid hour per workweek per employee, is set forth in the Declaration of Amber S. Healy filed contemporaneously herewith.  (*Id*. at ¶¶ 12-14.)

b.   **Overtime Wages Calculation**: Plaintiff seeks to recover damages for alleged failure to pay overtime wages on behalf of himself and the class.  (Exhibit A, Complaint, ¶¶ 56-63; Prayer, ¶¶ C, D, E.)   Kroger denies this claim and will raise various defenses thereto.   However, if members of the putative class were to prevail on this claim and are owed overtime wages, the amount in controversy for the putative class is at least **$823,920**. (Healy Decl., ¶ 15.)  This amount in controversy was arrived at using a conservative, and reasonable thirty–minutes (30) minutes of unpaid overtime per employee per workweek based on Plaintiff's allegations that he and other Class Member would have both unpaid straight time as well as unpaid overtime between the statutory period of March 24, 2017 to the present. (Exhibit A, Class Action Complaint ¶¶ 5, 56-63; Cal. Code Civ. Pro. § 338(a) and Cal. Bus. & Prof. Code § 17208.). The specific method used in calculating the amount in controversy for this claim, including the basis for using one unpaid overtime hour per week, is set forth in the Declaration of Amber S. Healy filed contemporaneously herewith.  (*Id*. at ¶¶ 16-17.)

c.   **Meal Period Calculations**: Plaintiff seeks to recover premium pay for alleged failure to provide compliant meal periods on behalf of himself and the class.  (Exhibit A, Complaint, ¶¶ 64-80; Prayer, ¶¶ F-G.)   Kroger denies this claim and will raise various defenses thereto. However, if members of the putative class were to prevail on this claim and are awarded premium pay for failure

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

DEFENDANT THE KROGER CO.'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

to provide meal periods, the amount in controversy for the putative class is at least **$1,103,764.80.** (Healy Decl., ¶ 18.) This amount in controversy was arrived using one (1) non-compliant meal period per each workweek per employee between the statutory period of March 24, 2017 to the present (a 20% violation rate). (Exhibit A, Complaint ¶ 5; *Murphy v. Kenneth Cole Prods., Inc.*, 40 Cal. 4th 1094, 1099 (2007) and Cal. Bus. & Prof. Code § 17208.). The specific method used in calculating the amount in controversy for this claim, including the basis for using one (1) missed meal period per workweek per employee is set forth in the Declaration of Amber S. Healy filed contemporaneously herewith. (Healy Decl., ¶¶ 19-20.)

d.   **Rest Period Calculations**: Plaintiff seeks to recover premium pay for alleged failure to authorize and permit rest periods. (Exhibit A, Complaint, ¶¶81-92; Prayer, ¶ F-G.)  Kroger denies this claim and will raise several defenses thereto. However, if members of the putative class were to prevail on this claim and are awarded premium pay for failure to authorize and permit rest periods, the amount in controversy for the putative class is at least **$1,103,764.80**. (Healy Decl., ¶ 21.) This amount in conservative controversy was arrived using one (1) non-compliant rest period per each workweek for each putative class member between the statutory period of March 24, 2017 to the present (a 10% violation rate). (Exhibit A, Complaint ¶ 5; *Murphy v. Kenneth Cole Prods., Inc.*, 40 Cal. 4th 1094, 1099 (2007) and Cal. Bus. & Prof. Code § 17208.). The specific method used in calculating the amount in controversy for this claim, including the basis for using one (1) non-compliant rest

010574.00027
32377756.2

DEFENDANT THE KROGER CO.'S NOTICE OF REMOVAL
OF CIVIL ACTION TO FEDERAL COURT

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

period per workweek is set forth in the Declaration of Amber S. Healy filed contemporaneously herewith. (Healy Decl., ¶¶ 22-24.)

e. **Wage Statement Penalties Calculation**: Plaintiff seeks to recover wage statement penalties pursuant to Labor Code section 226. (Exhibit A, Class Action Complaint, ¶¶ 93-110; Prayer ¶ H). Kroger denies this claim and will raise several defenses thereto. However, if members of the putative class were to prevail on this claim and are awarded statutory penalties for inaccurate wage statements, the amount in controversy for the putative class is at least **$707,600**. (Healy Decl., ¶ 25.) The statute of limitations period for claims under Labor Code section 226 is one year. (Cal. Civ. Proc. § 340(a).) Thus, the period used for calculating the amount in controversy for this claim was one year from the filing of the lawsuit, March 24, 2020 to the present. Plaintiff alleges that every wage statement issued during this period did not comply with the Labor Code. (Class Action Complaint, ¶¶ 93-110.) Based on Plaintiff's allegations Defendant applied a reasonable 100% violation rate to this claim. The specific method used in calculating the amount in controversy for this claim, including is set forth in the Declaration of Amber S. Healy filed contemporaneously herewith. (Healy Decl., ¶¶ 26-28.)

f. **Waiting Time Penalties Calculation**: Plaintiff alleges entitlement to waiting time penalties under the California Labor Code § 203 for members of the putative terminated class. (Exhibit A, Class Action Complaint, ¶¶ 111-122; Prayer, ¶ I.) Labor Code § 203 provides that wages continue at an employee's

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

daily rate of pay until the final wages are paid, or an action to recover them is commenced, up to a maximum of 30 days. Kroger denies this claim and will raise various defenses thereto. However, if members of the putative class were to prevail on this claim and are owed wages under Section 203, the amount in controversy for this claim is at least **$429,756.** (Healy Decl., ¶ 29.) Based on Plaintiff's allegations, Defendant applied a reasonable 100% violation rate to this claim. The limitations period for potential claims under Labor Code Section 203 in this case would be from March 24, 2018 (three years before the Complaint was filed) to the present. (*See Pineda v. Bank of America, N.A.*, 50 Cal. 4th 1389, 1401 (2010).) The calculations establishing the amount in controversy on this claim are set forth in the Declaration of Amber S. Healy filed contemporaneously herewith. (Healy Decl., ¶¶ 30-33.)

g.    Though Defendant would be justified in using a 100% violation rate for each claim in computing the amount in controversy based on the nature of the pleaded claims, <u>it has used reasonable and conservative estimates far lower than a 100% violation rate</u> for the unpaid straight time wages, unpaid overtime wage claims and claims for violations of meal and rest period requirements. (*Coleman v. Estes Express Lines, Inc.*, 730 F. Supp. 2d 1141, 1149 (C.D. Cal. 2010) ("[C]ourts have assumed a 100% violation rate in calculating the amount in controversy when the complaint does not allege a more precise calculation."); *see also Alvarez v. Ltd. Express, LLC*, No. 07-cv-1051 IEG (NLS), 2007 WL 2317125 at *9 (S.D. Cal. Aug. 8, 2007) (allegations that "extreme workload" made it "'virtually impossible' for

DEFENDANT THE KROGER CO.'S NOTICE OF REMOVAL
OF CIVIL ACTION TO FEDERAL COURT

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

defendant's employees to take meal periods and rest breaks" warrants 100% violation rate assumption); *Sanchez v. Russell Sigler, Inc.*, No. 15-cv-01350-AB (PLAx), 2015 WL 12765359 at *6 (C.D. Cal. Apr. 28, 2015) ("Defendant's use of a 100% violation rate is proper in this case because Plaintiff's complaint alleges universal deprivation of meal and rest periods."). Here, Plaintiff's Complaint alleges that due to Defendant's "business model . . . Plaintiff and Class Members were assigned too much work that could not reasonably be completed in their assigned shift resulting in Plaintiff and the Class Members routinely and regularly being forced to eat their meals while working." (Class Action Complaint, ¶ 73.) Plaintiff also claims that "[t]hroughout the statutory period, [Defendant] had a pattern and practice of assigning too much work to be completed in too short of time frames, resulting in Plaintiff and those similarly situated not to take [sic] rest periods." (*Id.* ¶ 87 (emphasis added).) Here, because Plaintiff complains that Defendant had both uniform policies and a "pattern and practice" that resulted in "Class Members not receiving rest periods" (¶ 88) and "Plaintiff and those similarly situated not being able to take meal periods" (¶ 71), Defendant would be justified in using a 100% violation rate for meal periods and rest periods, but instead Defendant uses a much lower violation rates for its meal and rest break calculations (20% and 10% respectively).

h.   Plaintiff also seeks to recover injunctive relief and equitable damages alleged under the California Business & Profession Code section 17200, *et seq*. (Exhibit A, Complaint, ¶¶ 123-132; Prayer, ¶¶ H, J-O.) The amount in controversy set forth above

DEFENDANT THE KROGER CO.'S NOTICE OF REMOVAL
OF CIVIL ACTION TO FEDERAL COURT

does not include any damages for this claim.

i.  **Attorneys' Fees Calculation**: Plaintiff seeks reasonable attorneys' fees in the Class Action Complaint. (Exhibit A, Class Action Complaint, Prayer, ¶ P.) It is well settled that, in determining whether a complaint meets the amount in controversy requirement, the Court should consider the aggregate value of claims for damages _as well as_ attorneys' fees when those fees are recoverable by statute. (*Fritch v. Swift Transportation Company of Arizona, LLC*, 899 F.3d 785, 795 (9th Cir. 2018); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155–56 (9th Cir. 1998) [attorneys' fees may be taken into account to determine jurisdictional amounts]; Cal. Code Civ. Proc. § 1012.5 (providing for recovery attorneys' fees).) In wage and hour cases on violations of the California Labor Code, it is not uncommon for cases to settle prior to trial in amounts exceeding $1,000,000, and the attorneys' fees requested in such settlements are often twenty–five (25) to thirty–three (33) percent of the gross settlement amount.[1]

j.  Based on the foregoing, under CAFA Plaintiff's claims for damages, penalties, attorneys' fees, and other monetary relief exceeds the $5,000,000 jurisdictional limit of this Court, as required by 28 U.S.C. 1332(d), as shown below.

---

[1] See *Gonzalez, et al. v. Burlington Coat Factory Warehouse Corp.*, No. 18-cv-00666 (C.D. Cal. August 21, 2020) (approving $3,000,000 settlement for similar claims of unpaid straight time, unpaid overtime, along with violations of the California Labor Code related to meal periods, rest periods, recovery periods, wage statements, waiting time penalties and violations of Business & Professions Code § 17200; attorneys' fee award totaling $750,000 approved); *Bailey v. Blue Apron, LLC.*, No. 18-cv-07000 (N.D. Cal. Nov. 19, 2020) (alleging similar claims settled claims for $2,000,000 and court approved $500,000 in attorneys' fees.).

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

DEFENDANT THE KROGER CO.'S NOTICE OF REMOVAL
OF CIVIL ACTION TO FEDERAL COURT

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

k.  Based on the conservative and reasonable estimates set forth above concerning the amounts placed in controversy by Plaintiff's Class Action Complaint the total amount in controversy exceeds CAFA's $5,000,000:

| | |
|---|---:|
| Unpaid Straight Time Wages | $2,207,529.60 |
| Unpaid Overtime Wages | $827,823.60 |
| Unpaid Meal Period Premiums | $1,103,764.80 |
| Unpaid Rest Period Premiums | $1,103,764.80 |
| Wage Statement Penalties | $707,600.00 |
| Waiting Time Penalties | $429,756.00 |
| *Subtotal (excluding attorneys' fees)* | *$6,380,238.80* |
| Assuming 25% Attorneys' Fee | $1,595,059.70 |
| **TOTAL INCLUSIVE OF ATTORNEYS' FEES** | **$7,975,298.50** |

(Healy Decl., ¶ 34.)

39.  Even though not required for removal under CAFA, Kroger has shown, by a preponderance of the evidence, that the amount in controversy based on the substantial allegations of Plaintiff's Complaint is greater than the jurisdictional amount of $5,000,000 required by CAFA.

40.  Although Kroger denies Plaintiff's claims of wrongdoing and denies their requests for relief thereon, based upon the substantial allegations in Plaintiff's Complaint, and assuming *arguendo* Plaintiff would be able to prove these allegations, the total amount of monetary relief sought by Plaintiff and the proposed putative class members exceeds $5,000,000 exclusive of interest and costs. Therefore, removal of this action is appropriate.

## V.   NOTICE OF REMOVAL IS TIMELY

41.  A notice of removal may be filed within thirty (30) days after service of the complaint. 28 U.S.C. § 1446(b).

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

42.    On March 29, 2021, Plaintiff served Kroger with the Summons and Class Action Complaint through its registered agent for service of process. (Exhibit B, Proof of Service.)  This Notice of Removal is filed with this Court within 30 days after service of the Complaint under Federal Rule of Civil Procedure, Rule 6.  This Notice of Removal is therefore timely under 28 U.S.C. § 1446(b).

**VI.    VENUE**

43.    Plaintiff filed his Complaint in Orange County Superior Court. Venue is proper in this district, pursuant to 28 U.S.C. §1441(a) because the District Court for the Central District of California, Southern Division is the judicial district and division embracing the place where the state court case is pending.

44.    Kroger will promptly serve Plaintiff with written notice of removal and will promptly file a copy of this Notice of Removal with the clerk of the Superior Court of the State of California, County of Orange as required under 28 U.S.C. § 1446(d).

**VII.    NOTICE TO PLAINTIFF**

45.    Contemporaneously with the filing of this Notice of Removal in the United States District Court for the Central District of California, written notice of such filing will be served on Plaintiffs' counsel of record. In addition, a copy of this Notice of Removal will be filed with the Clerk of the Court for Orange County Superior Court.

**WHEREFORE**, based upon the foregoing, this Court has original jurisdiction of this matter pursuant to 28 U.S.C. § 1332, and removal of the action to this Court is proper pursuant to 28 U.S.C. §1441. Accordingly, Kroger respectfully requests that this action be removed from the Superior Court of the State of California, County of Orange to the United States District Court for the Central District of California, Southern Division and that all proceedings hereinafter in this matter take place in the United States District Court for the Central District of California, Southern Division.

DEFENDANT THE KROGER CO.'S NOTICE OF REMOVAL
OF CIVIL ACTION TO FEDERAL COURT

1  Dated: April 28, 2021

ATKINSON, ANDELSON, LOYA, RUUD & ROMO

By:  */s/ Amber S. Healy*
Nate J. Kowalski
Amber S. Healy
Michael S. Morphew
Lauren S. Gafa
Attorneys for Defendant, The Kroger Co.

DEFENDANT THE KROGER CO.'S NOTICE OF REMOVAL
OF CIVIL ACTION TO FEDERAL COURT