David Mara, Esq. (230498)
Jill Vecchi, Esq. (299333)
**MARA LAW FIRM, PC**
2650 Camino Del Rio North, Suite 205
San Diego, California 92108
Telephone: (619) 234-2833
Facsimile: (619) 234-4048

Mohamed Eldessouky (289955)
**ELDESSOUKY LAW**
17139 Bellflower Blvd, Suite 202
Bellflower, CA 92808
Telephone: (562) 461-0995
Facsimile: (562) 461-0998

Attorneys for OMAR ROSALES,
on behalf of himself, all others similarly situated,
and on behalf of the general public

Assigned for All Purposes
Judge Kirk Nakamura

CX-103

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## IN AND FOR THE COUNTY OF ORANGE

| | |
|---|---|
| OMAR ROSALES on behalf of himself, all others similarly situated, and on behalf of the general public,<br><br>Plaintiffs,<br><br>v.<br><br>THE KROGER CO.; and DOES 1-100,<br><br>Defendants. | Case No. 30-2021-01191329-CU-OE-CXC<br><br>**PLAINTIFF'S CLASS ACTION COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF, DECLARATORY RELIEF, AND RESTITUTION**<br><br>1) **Failure to Pay All Straight Time Wages;**<br>2) **Failure to Pay All Overtime Wages;**<br>3) **Failure to Provide Meal Periods (Lab. Code §§ 226.7, 512, IWC Wage Order No. 1-2001(11); Cal. Code Regs., tit. 8 § 11010);**<br>4) **Failure to Authorize and Permit Rest Periods (Lab. Code § 226.7; IWC Wage Order No. 1-2001(12); Cal. Code Regs. Title 8 § 11010);**<br>5) **Knowing and Intentional Failure to Comply with Itemized Employee Wage Statement Provisions (Lab. Code §§ 226, 1174, 1175);**<br>6) **Failure to Pay All Wages Due at the Time of Termination of Employment (Lab. Code §§201-203); and,**<br>7) **Violation of Unfair Competition Law (Bus. & Prof. Code § 17200, et seq.).**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff OMAR ROSALES, on behalf of himself, all others similarly situated, and on behalf of the general public, complains of Defendant THE KROGER CO. ("DEFENDANT" or "KROGER") and/or DOES and for causes of action and alleges:

1.   This is a class action pursuant to California Code of Civil Procedure section 382 on behalf of Plaintiff OMAR ROSALES and all non-exempt, hourly La Habra Bakery associates who are presently or formerly employed by KROGER and/or DOES and/or their subsidiaries or affiliated companies and/or predecessors within the State of California.

2.   KROGER produces bread products at its La Habra Bakery. The La Habra Bakery is part of the Manufacturing Division of KROGER.

3.   The La Habra Bakery is located in La Habra, California.

4.   KROGER employs non-exempt, hourly associates to work at its La Habra Bakery.

5.   Throughout the time period that includes the four years prior to filing this action to the present (the "Statutory Period"), KROGER has maintained uniform policies that violate the wage and hour rights of Plaintiff and similarly situated non-exempt, hourly La Habra Bakery associates in the manner complained of herein.

6.   Throughout the statutory period KROGER has not paid its hourly, non-exempt La Habra Bakery associates for all time they were performing work and/or are subject to KROGER's control. Failing to pay for all hours worked while under KROGER's control and/or while suffered or permitted to work has resulted in non-exempt, hourly La Habra Bakery associates being deprived of straight time and/or overtime wages.

7.   Throughout the Statutory Period, and through uniform policies applicable to all non-exempt, hourly La Habra Bakery associates KROGER failed to provide non-exempt, hourly La Habra Bakery associates with meal periods that comply with California law and failed to authorize and permit rest periods that comply with California law.

8.   Throughout the Statutory Period and through uniform policies applicable to all non-exempt, hourly La Habra Bakery associates, KROGER knowingly and intentionally provides wage statements to employees that fail to specifically itemize everything required under California Labor Code section 226 (a).

9.  Throughout the Statutory Period and through uniform policies applicable to all non-exempt, hourly La Habra Bakery associates, KROGER knowingly and intentionally failed to pay all wages owed to non-exempt, hourly La Habra Bakery associates in a timely manner at the time non-exempt, hourly La Habra Bakery associates terminated their employment – either voluntarily or involuntarily – with KROGER.

10. Plaintiff OMAR ROSALES, on behalf of himself and all of KROGER's and/or DOES' non-exempt, hourly La Habra Bakery associates employed at any time during the Statutory Period brings this action pursuant to California Labor Code Sections 201-203, 218, 218.5, 222, 223, 224, 226, subd. (b), 226.3, 226.7, 510, 512, 515, 558, 1194, 1194.2, 1197, and California Code of Regulations, Title 8, sections 11010 and 3395, seeking unpaid wages, overtime, meal and rest period compensation, penalties, injunctive and other equitable relief, and reasonable attorneys' fees and costs.

11. Plaintiff OMAR ROSALES, on behalf of himself and all of KROGER's and/or DOES' non-exempt, hourly La Habra Bakery associates employed at any time during the Statutory Period, pursuant to California Business and Professions Code sections 17200-17208, also seeks injunctive relief, restitution, and disgorgement of all benefits KROGER and/or DOES enjoyed from their failure to pay all straight time wages, overtime wages, and meal and rest period compensation.

## I.  VENUE

12. Venue as to each Defendant, KROGER and/or DOES, is proper in this judicial district, pursuant to California Code of Civil Procedure section 395. Defendant KROGER and/or DOES conduct business and commit California Labor Code violations within Orange County, and each Defendant and/or DOE is within California for service of process purposes. The unlawful acts alleged herein have a direct effect on Plaintiff and those similarly situated within the State of California and within Orange County. Defendant KROGER and/or DOES employ numerous non-exempt, hourly La Habra Bakery associates who perform and/or performed work for KROGER in Orange County, California during the Statutory Period.

## II.   PARTIES

**A.    Plaintiffs**.

13.   Throughout the Statutory Period, Plaintiff OMAR ROSALES is and was a resident of California. During the Statutory Period, OMAR ROSALES was employed by Defendant KROGER and/or DOES in California and performed work in Orange County.

14.   Plaintiff and the proposed class of similarly situated non-exempt, hourly La Habra Bakery associates are covered by, inter alia, California IWC Occupational Wage Order No. 1-2001, and Title 8, California Code of Regulations, § 11010.

**B.    Defendants**.

15.   KROGER produces bread products at its La Habra Bakery.

16.   KROGER has a strong foothold in Southern California, including the County of Orange.

17.   KROGER employs non-exempt, hourly La Habra Bakery associates to produce bread products.

18.   KROGER employed Plaintiff and similarly situated non-exempt, hourly La Habra Bakery associates in California.

19.   The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants DOES 1-100, inclusive, are presently unknown to Plaintiff, who therefore sues these Defendants by such fictitious names under Code of Civil Procedure section 474. Plaintiff is informed and believes, and based thereon alleges, that each of the Defendants designated herein as a DOE is legally responsible in some manner for the unlawful acts referred to herein. Plaintiff will seek leave of court to amend this Complaint to reflect the true names and capacities of the Defendants designated hereinafter as DOES when such identities become known.

20.   Plaintiff is informed and believes, and based thereon alleges, that each Defendant and/or DOE acted in all respects pertinent to this action as the agent of the other Defendants and/or DOES, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each Defendants and/or DOES are legally attributable to the other Defendants and/or DOES.

### III.   CLASS ACTION ALLEGATIONS

21.   Plaintiff brings this action on behalf of himself and all others similarly situated as a class action pursuant to section 382 of the California Code of Civil Procedure. Plaintiff seeks to represent a Class composed of and defined as follows:

> All California citizens who are employed or have been employed by Defendant in the State of California at the La Habra Bakery as non-exempt, hourly employees called "associates" during the period of the relevant statute of limitations. ("Class Members")

Plaintiff also seeks to represent subclasses composed of and defined as follows:

> All Class Members who worked one (1) or more shifts in excess of five (5) hours.

> All Class Members who worked one (1) or more shifts in excess of six (6) hours.

> All Class Members who worked one (1) or more shifts in excess of ten (10) hours.

> All Class Members who worked one (1) or more shifts in excess of twelve (12) hours.

> All Class Members who worked one (1) or more shifts in excess of two (2) hours.

> All Class Members who worked one (1) or more shifts in excess of

three (3) hour and one-half hours, but less than or equal to six (6) hours.

All Class Members who worked one (1) or more shifts in excess of six (6) hours, but less than or equal to ten (10) hours.

All Class Members who worked one (1) or more shifts in excess of ten (10) hours.

All Class Members who worked one (1) or more shifts in which they received a wage statement for the corresponding pay period.

All Class Members who were not paid wages for meal periods.

All Class Members who were not paid for all time during which they were subject to the control of Defendant and/or suffered or permitted to work for Defendant during the relevant period of the statute of limitations.

All Class Members who had wages unlawfully deducted.

All Class Members who separated their employment from Defendants.

22.   Plaintiff reserves the right under rule 1855, subdivision (b), California Rules of Court, to amend or modify the Class description with greater specificity or further division into subclasses or limitation to particular issues.

23.   This action has been brought and may properly be maintained as a class action under the

provisions of section 382 of the California Code of Civil Procedure because there is a well-defined community of interest in the litigation and the proposed Class is easily ascertainable.

**A.**   <u>**Numerosity**</u>.

24.   The potential members of the Class as defined are so numerous that joinder of all the members of the Class is impracticable. While the precise number of Class Members has not been determined at this time, Plaintiff is informed and believes that KROGER and/or DOES currently employ, and during the liability period employed, over one hundred (100) Class Members in Orange County during the liability period and who are or have been affected by KROGER's and/or DOES' policies of wage theft, failure to pay all straight and overtime wages owed, failure to provide meal and/or rest periods without the appropriate legal compensation, willful failure to pay all wages due at time of separation from employment, and knowing and intentional failure to provide accurate and itemized employee wage statements.

25.   Accounting for employee turnover during the relevant periods increases this number substantially. Upon information and belief, Plaintiff alleges KROGER's and/or DOES' employment records will provide information as to the number and location of all Class Members. Joinder of all members of the proposed Class is not practicable.

**B.**   <u>**Commonality.**</u>

26.   There are questions of law and fact common to the Class that predominate over any questions affecting only individual Class Members. These common questions of law and fact include, without limitation:

(1)   Whether KROGER and/or DOES violated the Labor Code and/or applicable IWC Wage Orders in failing to pay its non-exempt employees all earned wages at the regular rate for all hours worked.

(2)   Whether KROGER's and/or DOES' uniform policies and/or practices whereby non-exempt employees were pressured and/or incentivized to forego taking meal and/or rest periods.

(3)     Whether KROGER's and/or DOES' violated Labor Code section 226.7, IWC Wage Order No. 1-2001 or other applicable IWC Wage Orders, and/or California Code of Regulations, Title 8, section 11010, by failing to authorize, permit, and/or provide thirty-minute meal periods before the end of the fifth hour worked and/or failing to pay said employees one (1) hour of pay at the employee's regular rate of compensation for each work day that the rest period was not authorized, permitted and/or provided.

(4)     Whether KROGER and/or DOES violated Labor Code section 226.7, IWC Wage Order No. 1-2001 or other applicable IWC Wage Orders, and/or California Code of Regulations, Title 8, section 11010, by failing to authorize, permit, and/or provide ten minute rest periods to its non-exempt employees for every four (4) hours or major fraction thereof worked and/or failing to pay said employees one (1) hour of pay at the employee's regular rate of compensation for each work day that the rest period was not authorized, permitted and/or provided.

(5)     Whether KROGER and/or DOES willfully failed to pay, in a timely manner, wages owed to members of the proposed Class who left KROGER's and/or DOES' employ or who were terminated.

(6)     Whether KROGER and/or DOES had uniform policies and/or practices of failing to provide employees accurate and itemized wage statements.

(7)     Whether KROGER and/or DOES had uniform policies and/or practices of failing to timely pay all wages owed to employees who left KROGER's and/or DOES' employ or who were terminated.

27.     The answer to each of these respective questions will generate a common answer capable of resolving class-wide liability in one stroke.

28.     Said common questions predominate over any individualized issues and/or questions affecting only individual members.

CLASS ACTION COMPLAINT                    8

**C.**      **Typicality**.

29.    The claims of the named Plaintiff are typical of the claims of the proposed Class. Plaintiff and all members of the proposed Class sustained injuries and damages arising out of and caused by KROGER's and/or DOES' common course of conduct in violation of laws and regulations that have the force and effect of law and statutes as alleged.

30.    Plaintiff OMAR ROSALES was subjected to the same uniform policies and/or practices complained of herein that affected all such employees. Thus, as OMAR ROSALES was subjected to the same unlawful policies and practices as all non-exempt employees, his claims are typical of the class he seeks to represent.

**D.**      **Adequacy of Representation**.

31.    Plaintiff will fairly and adequately represent and protect the interests of the members of the Class.

32.    Plaintiff is ready and willing to take the time necessary to help litigate this case.

33.    Plaintiff has no conflicts that will disallow him to fairly and adequately represent and protect the interests of the members of the Class.

34.    Counsel who represent Plaintiff are competent and experienced in litigating large employment class actions.

35.    Specifically, David Mara, Esq. and Jill Vecchi, Esq. of Mara Law Firm, PC, and Mohamed Eldessouky, Esq. of Eldessouky Law, are California lawyers in good standing.

36.    Counsel who represent Plaintiff are competent and experienced in litigating large employment class actions.

37.    The lawyers at Mara Law Firm and Eldessouky Law have been named class counsel in numerous cases.

38.    Mr. Mara's and Ms. Vecchi's practice is primarily focused on representing classes, large and small, on the basis of California Labor Code and IWC Wage Order Violations similar to those alleged herein. The attorneys at the firm are also frequently called upon to and do author amicus briefs on behalf of the Consumer Attorneys of California on cases in the appellate courts and Supreme Court of California involving important issues relating to

1    those alleged herein.

2    39.   Mr. Eldessouky's practice is focused on employment law and protecting employees' rights

3          in the workplace.

4    40.   Mara Law Firm, PC and Eldessouky Law have the resources to take this case to trial and

5          judgment, if necessary.

6    41.   Mara Law Firm, PC and Eldessouky Law have the experience, ability, and ways and means

7          to vigorously prosecute this case.

8    **E.        Superiority of Class Action.**

9    42.   A class action is superior to other available means for the fair and efficient adjudication of

10         this controversy. Individual joinder of all Class Members is not practicable, and questions

11         of law and fact common to the Class predominate over any questions affecting only

12         individual members of the Class. Each member of the Class has been damaged and is

13         entitled to recovery by reason of KROGER's and/or DOES' illegal policies and/or

14         practices of failing to pay all straight time and overtime wages owed, failing to permit or

15         authorize rest periods, failing to provide meal periods, knowingly and intentionally failing

16         to comply with wage statement requirements, and failing to pay all wages due at

17         termination.

18   43.   Class action treatment will allow those similarly situated persons to litigate their claims in

19         the manner that is most efficient and economical for the parties and the judicial system.

20         Plaintiff is unaware of any difficulties that are likely to be encountered in the management

21         of this action that would preclude its maintenance as a class action.

22   44.   Because such common questions predominate over any individualized issues and/or

23         questions affecting only individual members, class resolution is superior to other methods

24         for fair and efficient adjudication.

25   ///

26   ///

27   ///

28   ///

CLASS ACTION COMPLAINT                    10

## IV.   CAUSES OF ACTION

**FIRST CAUSE OF ACTION AGAINST KROGER AND/OR DOES: Failure to Pay All Straight Time Wages**

45.   Plaintiff and those similarly situated Class Members hereby incorporate by reference each and every other paragraph in this Complaint herein as if fully plead.

46.   Defendant and/or DOES have had a continuous policy of not paying Plaintiff and those similarly situated for all hours worked.

47.   It is fundamental that an employer must pay its employees for all time worked. California Labor Code sections 218 and 218.5 provides a right of action for nonpayment of wages. California Labor Code section 222 prohibits the withholding of part of a wage. California Labor Code section 223 prohibits the payment of less than a statutory or contractual wage scale. California Labor Code section 1197 prohibits the payment of less than the minimum wage. California Labor Code section 1194 states that an employee receiving less than the legal minimum wage is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage. California Labor Code section 1194.2 states that an employee receiving less than the legal minimum wage is entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon. California Labor Code section 224 only permits deductions from wages when the employer is required or empowered to do so by state or federal law or when the deduction is expressly authorized in writing by the employee for specified purposes that do not have the effect of reducing the agreed upon wage.

48.   Plaintiff and those similarly situated Class Members were employed by KROGER and/or DOES at all relevant times. KROGER and/or DOES were required to compensate Plaintiff for all hours worked and were prohibited from making deductions that had the effect of reducing the agreed upon wage.

49.   Defendant and/or DOES have had a continuous policy of not paying Plaintiff and those similarly situated for all hours worked. For example, KROGER fails to pay Class Members for the following hours worked: pre-and post-shift work, time that was rounded in

Defendants' favor, and all other time during which Class Members are subject to the control of KROGER and/or suffered or permitted to work during periods of time for which KROGER is not paying them. Failing to pay for all hours worked while under KROGER's control and/or while suffered or permitted to work has resulted in Plaintiff and Class Members being deprived of straight time wages throughout the Statutory Period.

50.   Failing to pay for all hours worked while under KROGER's control and/or while suffered or permitted to work has resulted in Class Members being deprived of straight time and/or overtime wages throughout the Statutory Period.

51.   Defendant and/or DOES have a continuous and consistent policy of failing to pay full wages to Plaintiff and the Class Members by deducting a portion of the wages earned by Plaintiff and the Class Members when they worked through their meal periods, are not relieved of all work duties during their meal periods and/or when KROGER recorded a meal period for Plaintiff and the Class Members when no meal period was taken.

52.   Defendant and/or DOES have a continuous and consistent policy of clocking-out Plaintiff and those similarly situated for a thirty (30) minute meal period and/or otherwise recording a meal period, even though Plaintiff and all members of the Class work through their meal periods. Thus, KROGER and/or DOES do not pay Plaintiff and each and every member of the Class for all time worked each and every day they work without a meal period and have time deducted.

53.   Plaintiff and the Class Members are informed and believe and thereon allege that as a direct result of Defendant's and/or DOES' uniform policies and/or practices, Plaintiff and the Class Members have suffered, and continue to suffer, substantial unpaid wages, and lost interest on such wages, and expenses and attorneys' fees in seeking to compel KROGER and/or DOES to fully perform their obligations under state law, all to their respective damage in amounts, according to proof at trial.

54.   As a direct result of KROGER's and/or DOES' policy of illegal wage theft, Plaintiff and those similarly situated have been damaged in an amount to be proven at trial.

55.   WHEREFORE, Plaintiff and the Class he seeks to represent request relief as described

1    below.

2    **SECOND CAUSE OF ACTION AGAINST KROGER AND/OR DOES: Failure to Pay All**

3    **Overtime Wages**

4    56.    Plaintiff and those similarly situated Class Members hereby incorporate by reference each

5           and every other paragraph in this Complaint herein as if fully plead.

6    57.    It is fundamental that an employer must pay its employees for all time worked. California

7           Labor Code sections 218 and 218.5 provides a right of action for nonpayment of wages.

8           California Labor Code section 222 prohibits the withholding of part of a wage. California

9           Labor Code section 223 prohibits the payment of less than a statutory or contractual wage

10          scale. California Labor Code section 1197 prohibits the payment of less than the minimum

11          wage. California Labor Code section 224 only permits deductions from wages when the

12          employer is required or empowered to do so by state or federal law or when the deduction

13          is expressly authorized in writing by the employee for specified purposes that do not have

14          the effect of reducing the agreed upon wage.

15   58.    KROGER and/or DOES failed to pay overtime when employees worked over eight (8)

16          hours per day and when employees worked over forty (40) hours per week.

17   59.    Plaintiff and those similarly situated Class Members were employed by KROGER and/or

18          DOES at all relevant times. KROGER and/or DOES were required to compensate Plaintiff

19          for all overtime hours worked and were prohibited from making deductions that had the

20          effect of reducing the agreed upon wage.

21   60.    KROGER and/or DOES failed to pay for the overtime that was due, pursuant to IWC Wage

22          Order No. 1-2001, item 3(A).

23   61.    Defendant and/or DOES have had a continuous policy of not paying Plaintiff and those

24          similarly situated for all hours worked. For example, KROGER fails to pay Class Members

25          for the following hours worked: pre-and post-shift work and all other time during which

26          Class Members are subject to the control of KROGER and/or suffered or permitted to work

27          during periods of time for which KROGER is not paying them. Failing to pay for all hours

28          worked while under KROGER's control and/or while suffered or permitted to work has

1   resulted in Plaintiff and Class Members being deprived of straight time wages throughout

2   the Statutory Period. Failing to pay for all hours worked while under KROGER's control

3   and/or while suffered or permitted to work has resulted in Plaintiff and Class Members

4   being deprived of overtime wages throughout the Statutory Period.

5   62.   Plaintiff and the Class Members are informed and believe and thereon allege that as a direct

6   result of Defendant's and/or DOES' uniform policies and/or practices, Plaintiff and the

7   Class Members have suffered, and continue to suffer, substantial unpaid overtime wages,

8   and lost interest on such overtime wages, and expenses and attorneys' fees in seeking to

9   compel KROGER and/or DOES to fully perform their obligations under state law, all to

10   their respective damage in amounts according to proof at time of trial. KROGER and/or

11   DOES committed the acts alleged herein knowingly and willfully, with the wrongful and

12   deliberate intention on injuring Plaintiff and the Class Members. KROGER and/or DOES

13   acted with malice or in conscious disregard of Plaintiff's and the Class Member's rights.

14   In addition to compensation, Plaintiff is also entitled to any penalties allowed by law.

15   63.   WHEREFORE, Plaintiff and the Class he seeks to represent request relief as described

16   below.

17   **THIRD CAUSE OF ACTION AGAINST KROGER AND/OR DOES: Failure to Provide**

18   **Meal Periods, or Compensation in Lieu Thereof (Lab. Code §§ 226.7, 512, IWC Wage Order**

19   **No. 1-2001(11); Cal. Code Regs., tit. 8, § 11010)**

20   64.   Plaintiff and those similarly situated Class Members hereby incorporate by reference each

21   and every other paragraph in this Complaint herein as if fully plead.

22   65.   Under California Labor Code section 512 and IWC Wage Order No. 4, no employer shall

23   employ any person for a work period of more than five (5) hours without providing a meal

24   period of not less than thirty (30) minutes. During these meal periods of not less than thirty

25   (30) minutes, the employee is to be completely free of the employer's control and must not

26   perform any work for the employer. If the employee does perform work for the employer

27   during the thirty (30) minute meal period, the employee has not been provided a meal

28   period in accordance with the law. Also, the employee is to be compensated for any work

CLASS ACTION COMPLAINT                    14

1    performed during the thirty (30) minute meal period.

2  66.    In addition, an employer may not employ an employee for a work period of more than ten

3    (10) hours per day without providing the employee with another meal period of less than

4    thirty (30) minutes.

5  67.    Under California Labor Code section 226.7, if the employer does not provide an employee

6    a meal period in accordance with the above requirements, the employer shall pay the

7    employee one (1) hour of pay at the employee's regular rate of compensation for each

8    workday that the meal period is not provided.

9  68.    KROGER and/or DOES failed to provide thirty (30) minute, uninterrupted meal periods to

10    Plaintiff and Class Members who worked for work periods of more than five (5)

11    consecutive hours. As such, Plaintiff and Class Members were required to work over five

12    (5) consecutive hours at a time without being provided a thirty (30) minute uninterrupted

13    meal period within that time.

14  69.    KROGER and/or DOES failed to provide thirty (30) minute, uninterrupted meal periods to

15    Plaintiff and Class Members for every five (5) continuous hours worked.

16  70.    KROGER based meal period time on rounded time punches, thereby depriving Plaintiff

17    and the Class Members to full thirty (30) minute meal periods.

18  71.    Throughout the statutory period, KROGER and/or DOES had a pattern and practice of

19    assigning too much work to be completed in too short of time frames, resulting in Plaintiff

20    and those similarly situated not being able to take meal periods.

21  72.    KROGER and/or DOES would not permit Plaintiff and the Class to take 30-minute meal

22    periods unless specifically scheduled by KROGER and/or DOES or unless Plaintiff and

23    the Class were expressly told to by KROGER and/or DOES. This routinely resulted in

24    Plaintiff and the Class Members not being able to take a meal period, if at all, until after

25    the fifth hour.

26  73.    KROGER's and/or DOES' business model was such that Plaintiff and Class Members were

27    assigned too much work that could not reasonably be completed in their assigned shift,

28    resulting in Plaintiff and the Class Members routinely and regularly being forced to eat

1    their meals while working.

2    74.    KROGER and/or DOES failed to keep records of when Plaintiff and the Class Members

3           took meal periods.

4    75.    Alternatively, Kroger told Plaintiff and the Class Members when they could take a meal

5           period. Therefore, if a meal period is taken after the fifth hour, it is due to Kroger and/or

6           DOES providing it at that time. In addition, if a meal period is not taken, it is due to Kroger

7           and/or DOES failing to provide it.

8    76.    Throughout the statutory period, KROGER and/or DOES valued productivity over

9           providing meal periods and, because of this, meal breaks were not priorities to KROGER

10          and/or DOES.

11   77.    KROGER and/or DOES did not have a policy of providing a second meal period before

12          the end of the tenth hour.

13   78.    Failing to provide compensation for such unprovided or improperly provided meal periods,

14          as alleged above, KROGER and/or DOES willfully violated the provisions of California

15          Labor Code sections 226.7, 512, and IWC Wage Order No. 1.

16   79.    As a result of the unlawful acts of KROGER and/or DOES, Plaintiff and the Class he seeks

17          to represent have been deprived of premium wages, in amounts to be determined at trial,

18          and are entitled to recovery of such amounts, plus interest and penalties thereon, attorneys'

19          fees and costs, pursuant to Labor Code section 226.7, and IWC Wage Order No. 1-2001.

20          Plaintiff and the Class he seeks to represent did not willfully waive their right to take meal

21          periods through mutual consent with KROGER and/or DOES.

22   80.    WHEREFORE, Plaintiff and the Class he seeks to represent request relief as described

23          below.

24   **FOURTH CAUSE OF ACTION AGAINST KROGER AND/OR DOES: Failure to**

25   **Authorize and Permit Rest Periods (Lab. Code § 226.7; IWC Wage Order No. 1-2001(12);**

26   **Cal. Code Regs. Title 8 § 11010)**

27   81.    Plaintiff and those similarly situated Class Members hereby incorporate by reference each

28          and every other paragraph in this Complaint herein, as if fully plead.

CLASS ACTION COMPLAINT                          16

82. Under IWC Wage Order No. 1, every employer shall authorize and permit all employees to take rest periods, "[t]he authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours worked or major fraction thereof." IWC Wage Order 1-2001(12). The time spent on rest periods "shall be counted as hours worked for which there shall be no deduction from wages." *Id.*

83. Under California Labor Code section 226.7, if the employer does not provide an employee a rest period in accordance with the above requirements, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest break is not provided.

84. At all relevant times, Defendant and/or DOES failed to authorize and/or permit rest period time based upon the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof.

85. KROGER and/or DOES did not allow Plaintiff and the Class Members to leave the work location during rest periods.

86. In the alternative, KROGER's and/or DOES' business model was such that Class Members were assigned too much work that could not be reasonably completed within their assigned shift, resulting in Class Members routinely and regularly being forced to work through their rest periods.

87. Throughout the statutory period, KROGER and/or DOES had a pattern and practice of assigning too much work to be completed in too short of time frames, resulting in Plaintiff and those similarly situated not to take rest periods.

88. Throughout the statutory period, KROGER's and/or DOES' uniform policies and practices resulted in Class Members not receiving rest breaks.

89. Throughout the statutory period, KROGER and/or DOES valued productivity over providing rest periods and, because of this, rest periods were not priorities to KROGER and/or DOES.

90. Throughout the statutory period, KROGER's and/or DOES' policies promoting productivity subjugated Plaintiff's and those similarly situated's rights to rest periods.

91. As a result of the unlawful acts of KROGER and/or DOES, Plaintiff and the Class he seeks to represent have been deprived of premium wages, in amounts to be determined at trial, and are entitled to recovery of such amounts, plus interest and penalties thereon, attorneys' fees and costs, pursuant to Labor Code section 226.7, and IWC Wage Order No. 1-2001.

92. WHEREFORE, Plaintiff and the Class he seeks to represent request relief as described below.

**FIFTH CAUSE OF ACTION AGAINST KROGER AND/OR DOES: Knowing and Intentional Failure to Comply with Itemized Employee Wage Statement Provisions (Lab. Code §§ 226, 1174, 1175; IWC Wage Order No. 1; Cal. Code Regs., Title 8, §4)**

93. Plaintiff and those similarly situated Class Members hereby incorporate by reference each and every other paragraph in this Complaint herein as if fully plead.

94. California Labor Code section 226 subdivision (a) requires Defendant and/or DOES to, inter alia, itemize in wage statements and accurately report the total hours worked and total wages earned. KROGER and/or DOES have knowingly and intentionally failed to comply with California Labor Code section 226, subdivision (a), on each and every wage statement provided to Plaintiff OMAR ROSALES and members of the proposed Class.

95. California Labor Code section 1174 requires KROGER and/or DOES to maintain and preserve, in a centralized location, records showing the daily hours worked by and the wages paid to its employees. KROGER and/or DOES have knowingly and intentionally failed to comply with California Labor Code section 1174. The failure of KROGER and/or DOES, and each of them, to comply with California Labor Code section 1174 is unlawful pursuant to California Labor Code section 1175.

96. KROGER and/or DOES failed to maintain accurate time records - as required by IWC Wage Order No. 1-2001(7), and Cal. Code Regs., Title 8 section 11010 - showing, among other things, when the employee begins and ends each work period, the total daily hours worked in itemized wage statements, total wages, bonuses and/or incentives earned, and all deductions made.

97. KROGER and/or DOES have knowingly and intentionally failed to provide Plaintiff and

1    the Class Members with accurate itemized wage statements which show: "(1) gross wages

2    earned, (2) total hours worked by the employee, . . . (4) all deductions, provided that all

3    deductions made on written orders of the employee may be aggregated and shown as one

4    item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is

5    paid, (7) the name of the employee and only the last four digits of his or her social security

6    number or an employee identification number other than a social security number, (8) the

7    name and address of the legal entity that is the employer and, if the employer is a farm

8    labor contractor, as defined in subdivision (b) of Section 1682, the name and address of the

9    legal entity that secured the services of the employer, and (9) all applicable hourly rates in

10    effect during the pay period and the corresponding number of hours worked at each hourly

11    rate by the employee[.]" California Labor Code section 226(a).

12  98.    KROGER and/or DOES knowingly and intentionally failed to include the accurate name

13    of the legal entity that is the employer. Plaintiff's and the Class Members' wage statements

14    list the employer as "Kroger" when the accurate name of the legal entity that is the

15    employer is "The Kroger Co."

16  99.    In every pay period during the period of the relevant statute of limitations, KROGER and/or

17    DOES knowingly and intentionally did not include the accurate legal name of the employer

18    on wage statements as California Labor Code section 226, subsection (a), requires. In every

19    pay period during the period of the relevant statute of limitations, KROGER and/or DOES

20    knowingly and intentionally did not include the accurate legal name of the employer on

21    wage statements. KROGER and/or DOES therefore knowingly and intentionally failed to

22    include the accurate legal name of the employer on Plaintiff's and the Class Members'

23    wage statements.

24  100.    KROGER and/or DOES knowingly and intentionally failed to include the accurate address

25    of the legal entity that is the employer. Plaintiff's and the Class Members' wage statements

26    list the employer's address as "2700 E 4th Street, Hutchinson, KS 67501" when the

27    KROGER's address on the Secretary of State website and Plaintiff's and the Class

28    Members' W-2 forms is "1014 Vine Street, Cincinnati, OH 45202."

101.   In every pay period during the period of the relevant statute of limitations, KROGER and/or DOES knowingly and intentionally did not include the accurate address of the employer on wage statements as California Labor Code section 226, subsection (a), requires. In every pay period during the period of the relevant statute of limitations, KROGER and/or DOES knowingly and intentionally did not include the accurate address of the employer on wage statements. KROGER and/or DOES therefore knowingly and intentionally failed to include the accurate address of the employer on Plaintiff's and the Class Members' wage statements.

102.   KROGER and/or DOES knowingly and intentionally did not include the gross wages earned on wage statements. KROGER therefore knowingly and intentionally failed to itemize the gross wages earned on Plaintiff's and the Class Members' wage statements.

103.   In every pay period during the period of the relevant statute of limitations, KROGER and/or DOES knowingly and intentionally did not itemize the total hours worked on wage statements as California Labor Code section 226, subsection (a), requires. In every pay period during the period of the relevant statute of limitations, KROGER and/or DOES knowingly and intentionally did not include the total hours worked on wage statements. KROGER and/or DOES therefore knowingly and intentionally failed to itemize the total hours worked on Plaintiff's and the Class Members' wage statements.

104.   KROGER and/or DOES have a continuous policy of not paying Plaintiff and the Class Members for all hours worked. KROGER and/or DOES have not paid for all the time Plaintiff and the Class Members worked throughout the day, including, but not limited to rounding, before shifts start, after shifts end, and/or any other time in the day when the employees were performing work tasks, subject to the control of KROGER and/or DOES and/or otherwise had work duties.

105.   Additionally, KROGER and/or DOES have had a continuous policy of not paying Plaintiff and the Class Members for all hours worked in that KROGER and/or DOES continuously and consistently clocked Plaintiff and the Class Members out for a thirty (30) minute meal period and/or otherwise recorded a meal period, even though Plaintiff and the Class

Members work through their meal periods and/or were unable to take meal periods. Thus, KROGER and/or DOES shave/steal earned wages from Plaintiff and the Class Members every day they work without a meal period and have time deducted.

106. In every pay period during the period of the relevant statute of limitations, KROGER and/or DOES knowingly and intentionally did not include the net wages earned on wage statements.

107. As a result of the knowing and intentional failure by KROGER and/or DOES to comply with itemized employee wage statement provisions, Plaintiff and the Class Members have been able to reconstruct only a reasonable estimate of the hours worked and have, therefore, not received full compensation.

108. Under California Labor Code section 226.3, "[a]ny employer who violates subdivision (a) of Section 226 shall be subject to a civil penalty in the amount of two hundred fifty dollars ($250) per employee per violation in an initial citation and one thousand dollars ($1,000) per employee for each violation in a subsequent citation, for which the employer fails to provide the employee a wage deduction statement or fails to keep the records required in subdivision (a) of Section 226." The penalties provided for in California Labor Code section 226.3 are in addition to other penalties provided by law.

109. As a direct result of KROGER and/or DOES unlawful acts, Plaintiff and the Class he intends to represent have been damaged and are entitled to recovery of such amounts, plus interest thereon, attorneys' fees, and costs, pursuant to California Labor Code section 226.

110. WHEREFORE, Plaintiff and the Class he seeks to represent request relief as described below.

**SIXTH CAUSE OF ACTION AGAINST KROGER AND/OR DOES: Failure to Pay All Wages Due at the Time of Termination from Employment (Lab. Code §§ 201-203)**

111. Plaintiff and those similarly situated Class members hereby incorporate by reference each and every other paragraph in this Complaint herein as if fully plead.

112. Plaintiff OMAR ROSALES terminated his employment with Defendants KROGER and/or DOES.

113.   Whether Plaintiff OMAR ROSALES voluntarily or involuntarily terminated his employment with Defendants KROGER and/or DOES, Defendants and/or DOES did not timely pay him his straight time wages owed at the time of his termination.

114.   Whether Plaintiff OMAR ROSALES voluntarily or involuntarily terminated his employment with Defendants KROGER and/or DOES, Defendants and/or DOES did not timely pay his overtime wages owed at the time of his termination.

115.   Whether Plaintiff OMAR ROSALES voluntarily or involuntarily terminated his employment with Defendants KROGER and/or DOES, Defendants and/or DOES did not timely pay his meal and/or rest period premiums owed at the time of his termination.

116.   Numerous members of the Class are no longer employed by Defendants KROGER and/or DOES. They were either fired or quit Defendants KROGER and/or DOES' employ. Defendants KROGER and/or DOES did not pay all timely wages owed at the time of their termination. Defendants KROGER and/or DOES did not pay all premium wages owed at the time of their termination.

117.   Labor Code section 203 provides that, if an employer willfully fails to pay, without abatement or reduction, in accordance with Labor Code sections 201, 201.5, 202 and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue at the same rate, for up to thirty (30) days from the due date thereof, until paid or until an action therefore is commenced.

118.   Defendants KROGER and/or DOES failed to pay Plaintiff OMAR ROSALES a sum certain at the time of his termination or within seventy-two (72) hours of his resignation, and have failed to pay those sums for thirty (30) days thereafter. Pursuant to the provisions of Labor Code section 203, Plaintiff OMAR ROSALES is entitled to a penalty in the amount of his daily wage, multiplied by thirty (30) days.

119.   When Plaintiff and those members of the Class who are former employees of Defendants KROGER and/or DOES separated from Defendants' and/or DOES' employ, Defendants and/or DOES willfully failed to pay all straight time wages, overtime wages, meal period premiums, and/or rest period premiums owed at the time of termination.

120.    Defendants KROGER and/or DOES failure to pay said wages to Plaintiff OMAR ROSALES and members of the Class he seeks to represent, was willful in that Defendants KROGER and/or DOES and each of them knew the wages to be due, but failed to pay them.

121.    As a consequence of Defendants KROGER and/or DOES' willful conduct in not paying wages owed at the time of separation from employment, Plaintiff OMAR ROSALES and members of the proposed Class are entitled to thirty (30) days' worth of wages as a penalty under Labor Code section 203, together with interest thereon and attorneys' fees and costs.

122.    WHEREFORE, Plaintiff and the Class he seeks to represent request relief as described below.

**SEVENTH CAUSE OF ACTION AGAINST KROGER AND/OR DOES: Violation of Unfair Competition Law (California Bus. & Prof. Code, § 17200, et seq.)**

123.    Plaintiff and those similarly situated Class Members hereby incorporate by reference each and every other paragraph in this Complaint herein as if fully plead.

124.    KROGER and/or DOES failure to pay all straight time and overtime wages earned, failure to provide compliant meal and/or rest breaks and/or compensation in lieu thereof, failure to itemize and keep accurate records, and failure to pay all wages due at time of termination, as alleged herein, constitutes unlawful activity prohibited by California Business and Professions Code section 17200, et seq.

125.    The actions of KROGER and/or DOES in failing to pay Plaintiff and members of the proposed Class in a lawful manner, as alleged herein, constitutes false, unfair, fraudulent and deceptive business practices, within the meaning of California Business and Professions Code section 17200, et seq.

126.    Plaintiff is entitled to an injunction and other equitable relief against such unlawful practices in order to prevent future damage, for which there is no adequate remedy at law, and to avoid a multiplicity of lawsuits. Plaintiff brings this cause individually and as members of the general public actually harmed and as a representative of all others subject to KROGER and/or DOES unlawful acts and practices.

127.   As a result of their unlawful acts, KROGER and/or DOES have reaped and continue to reap unfair benefits at the expense of Plaintiff and the proposed Class he seeks to represent. KROGER and/or DOES should be enjoined from this activity and made to disgorge these ill-gotten gains and restore Plaintiff and the members of the proposed Class pursuant to Business and Professions Code section 17203. Plaintiff is informed and believes, and thereon alleges, that Defendants and/or DOES are unjustly enriched through their policy of not all wages owed to Plaintiff and members of the proposed Class.

128.   Plaintiff is informed and believes, and thereon alleges, that Plaintiff and members of the proposed class are prejudiced KROGER and/or DOES unfair trade practices.

129.   As a direct and proximate result of the unfair business practices of KROGER and/or DOES, and each of them, Plaintiff, individually and on behalf of all employees similarly situated, are entitled to equitable and injunctive relief, including full restitution and/or disgorgement of all wages and premium pay which have been unlawfully withheld from Plaintiff and members of the proposed Class as a result of the business acts and practices described herein and enjoining KROGER and/or DOES from engaging in the practices described herein.

130.   The illegal conduct alleged herein is continuing, and there is no indication that KROGER and/or DOES will cease and desist from such activity in the future. Plaintiff alleges that if KROGER and/or DOES are not enjoined from the conduct set forth in this Complaint, they will continue the unlawful activity discussed herein.

131.   Plaintiff further requests that the Court issue a preliminary and permanent injunction prohibiting KROGER and/or DOES from continuing to not pay Plaintiff and the members of the proposed Class overtime wages as discussed herein.

132.   WHEREFORE, Plaintiff and the Class he seeks to represent request relief as described below.

## V.    <u>**PRAYER FOR RELIEF**</u>

WHEREFORE, Plaintiff prays for judgment as follows:

    A.  That the Court determine that this action may be maintained as a class action;

B. For compensatory damages, in an amount according to proof at trial, with interest thereon;

C. For economic and/or special damages in an amount according to proof with interest thereon;

D. For unpaid straight time and overtime wages, in an amount according to proof at trial, with interest thereon;

E. For compensation for all time worked;

F. For compensation for not being provided paid rest breaks;

G. For compensation for not being provided paid meal periods;

H. For damages and/or monies owed for failure to comply with itemized employee wage statement provisions;

I. For all waiting time penalties owed;

J. That Defendant be found to have engaged in unfair competition in violation of sections 17200 et seq. of the California Business and Professions Code;

K. That Defendant be ordered and enjoined to make restitution to the Class due to their unfair competition, including disgorgement of their wrongfully withheld wages pursuant to California Business and Professions Code sections 17203 and 17204;

L. That an order of specific performance of all penalties owed be issued under Business and Professions Code sections 17202;

M. That Defendant be enjoined from continuing the illegal course of conduct, alleged herein;

N. That Defendant further be enjoined to cease and desist from unfair competition in violation of section 17200 et seq. of the California Business and Professions Code;

O. That Defendant be enjoined from further acts of restraint of trade or unfair competition;

P. For attorneys' fees;

Q. For Liquidated Damages;

R. For interest accrued to date;

S. For costs of suit and expenses incurred herein; and

1   T.  For any such other and further relief as the Court deems just and proper.

2   **DEMAND FOR JURY TRIAL**

3   Plaintiff demands a jury trial.

4   Dated: 3/24/2021                              **MARA LAW FIRM, PC**

5

6                                                David Mara, Esq.

7                                                Jill Vecchi, Esq.
                                                 Attorneys for Plaintiff OMAR ROSALES on behalf
8                                                of himself, all others similarly situated, and on behalf
                                                 of the general public
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT                    26