fDavid Mara, Esq. (230498)
Jill Vecchi, Esq. (299333)
**MARA LAW FIRM, PC**
2650 Camino Del Rio North, Suite 205
San Diego, California 92108
Telephone: (619) 234-2833
Facsimile: (619) 234-4048

Mohamed Eldessouky (289955)
**ELDESSOUKY LAW**
17139 Bellflower Blvd, Suite 202
Bellflower, CA 92808
Telephone: (562) 461-0995
Facsimile: (562) 461-0998

Attorneys for OMAR ROSALES,
on behalf of himself, all others similarly situated,
and on behalf of the general public

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SOUTHERN DIVISION

| | |
|---|---|
| OMAR ROSALES on behalf of himself, all others similarly situated, and on behalf of the general public,<br><br>Plaintiffs,<br><br>v.<br><br>THE KROGER CO.; and DOES 1-100,<br><br>Defendants. | Case No. 8:21-cv-00796-JLS-KES<br><br>**PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF, DECLARATORY RELIEF, AND RESTITUTION**<br><br>1) **Failure to Pay All Straight Time Wages;**<br>2) **Failure to Pay All Overtime Wages;**<br>3) **Failure to Authorize and Permit Rest Periods (Lab. Code § 226.7; IWC Wage Order No. 1-2001(12); Cal. Code Regs. Title 8 § 11010); and**<br>4) **Violation of Unfair Competition Law (Bus. & Prof. Code § 17200, et seq.).**<br><br>**DEMAND FOR JURY TRIAL**<br><br>Complaint Filed: March 24, 2021<br>Action Removed: April 28, 2021<br>Trial Date: None Set |

Plaintiff OMAR ROSALES, on behalf of himself, all others similarly situated, and on behalf of the general public, complains of Defendant THE KROGER CO. ("DEFENDANT" or "KROGER") and/or DOES and for causes of action and alleges:

1. This is a class action pursuant to California Code of Civil Procedure section 382 on behalf of Plaintiff OMAR ROSALES and all non-exempt, hourly La Habra Bakery associates who are presently or formerly employed by KROGER and/or DOES and/or their subsidiaries or affiliated companies and/or predecessors within the State of California.

2. KROGER produces bread products at its La Habra Bakery. The La Habra Bakery is part of the Manufacturing Division of KROGER.

3. The La Habra Bakery is located in La Habra, California.

4. KROGER employs non-exempt, hourly associates to work at its La Habra Bakery.

5. Throughout the time period that includes the four years prior to filing this action to the present (the "Statutory Period"), KROGER has maintained uniform policies that violate the wage and hour rights of Plaintiff and similarly situated non-exempt, hourly La Habra Bakery associates in the manner complained of herein.

6. Throughout the statutory period KROGER has not paid its hourly, non-exempt La Habra Bakery associates for all time they were performing work and/or are subject to KROGER's control. Failing to pay for all hours worked while under KROGER's control and/or while suffered or permitted to work has resulted in non-exempt, hourly La Habra Bakery associates being deprived of straight time and/or overtime wages.

7. Throughout the Statutory Period, and through uniform policies applicable to all non-exempt, hourly La Habra Bakery associates KROGER failed to authorize and permit rest periods that comply with California law.

8. Throughout the Statutory Period and through uniform policies applicable to all non-exempt, hourly La Habra Bakery associates, KROGER knowingly and intentionally failed to pay all wages owed to non-exempt, hourly La Habra Bakery associates in a timely manner at the time non-exempt, hourly La Habra Bakery associates terminated their employment – either voluntarily or involuntarily – with KROGER.

9. Plaintiff OMAR ROSALES, on behalf of himself and all of KROGER's and/or DOES' non-exempt, hourly La Habra Bakery associates employed at any time during the Statutory Period brings this action pursuant to California Labor Code Sections 218, 218.5, 222, 223, 224, 226.7, 510, 515, 558, 1194, 1194.2, 1197, and California Code of Regulations, Title 8, sections 11010 and 3395, seeking unpaid wages, overtime, rest period compensation, penalties, injunctive and other equitable relief, and reasonable attorneys' fees and costs.

10. Plaintiff OMAR ROSALES, on behalf of himself and all of KROGER's and/or DOES' non-exempt, hourly La Habra Bakery associates employed at any time during the Statutory Period, pursuant to California Business and Professions Code sections 17200-17208, also seeks injunctive relief, restitution, and disgorgement of all benefits KROGER and/or DOES enjoyed from their failure to pay all straight time wages, overtime wages, and rest period compensation.

## I.   VENUE

11. Venue as to each Defendant, KROGER and/or DOES, is proper in this judicial district, pursuant to California Code of Civil Procedure section 395. Defendant KROGER and/or DOES conduct business and commit California Labor Code violations within Orange County, and each Defendant and/or DOE is within California for service of process purposes. The unlawful acts alleged herein have a direct effect on Plaintiff and those similarly situated within the State of California and within Orange County. Defendant KROGER and/or DOES employ numerous non-exempt, hourly La Habra Bakery associates who perform and/or performed work for KROGER in Orange County, California during the Statutory Period.

## II.   PARTIES

A.   **Plaintiffs**.

12. Throughout the Statutory Period, Plaintiff OMAR ROSALES is and was a resident of California. During the Statutory Period, OMAR ROSALES was employed by Defendant KROGER and/or DOES in California and performed work in Orange County.

13. Plaintiff recalls and believes that he worked for KROGER and/or DOES between the

following dates in the Class Period: March 24, 2017 through July 31, 2018.

14. Plaintiff and the proposed class of similarly situated non-exempt, hourly La Habra Bakery associates are covered by, inter alia, California IWC Occupational Wage Order No. 1-2001, and Title 8, California Code of Regulations, § 11010.

**B.   Defendants.**

15. KROGER produces bread products at its La Habra Bakery.

16. KROGER has a strong foothold in Southern California, including the County of Orange.

17. KROGER employs non-exempt, hourly La Habra Bakery associates to produce bread products.

18. KROGER employed Plaintiff and similarly situated non-exempt, hourly La Habra Bakery associates in California.

19. The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants DOES 1-100, inclusive, are presently unknown to Plaintiff, who therefore sues these Defendants by such fictitious names under Code of Civil Procedure section 474. Plaintiff is informed and believes, and based thereon alleges, that each of the Defendants designated herein as a DOE is legally responsible in some manner for the unlawful acts referred to herein. Plaintiff will seek leave of court to amend this Complaint to reflect the true names and capacities of the Defendants designated hereinafter as DOES when such identities become known.

20. Plaintiff is informed and believes, and based thereon alleges, that each Defendant and/or DOE acted in all respects pertinent to this action as the agent of the other Defendants and/or DOES, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each Defendants and/or DOES are legally attributable to the other Defendants and/or DOES.

### III.   CLASS ACTION ALLEGATIONS

21. Plaintiff brings this action on behalf of himself and all others similarly situated as a class action pursuant to section 382 of the California Code of Civil Procedure. Plaintiff seeks to represent a Class composed of and defined as follows:

All California citizens who are employed or have been employed by Defendant in the State of California at the La Habra Bakery as non-exempt, hourly employees called "associates" during the period of the relevant statute of limitations. ("Class Members")

Plaintiff also seeks to represent subclasses composed of and defined as follows:

All Class Members who worked one (1) or more shifts in excess of two (2) hours.

All Class Members who worked one (1) or more shifts in excess of three (3) hour and one-half hours, but less than or equal to six (6) hours.

All Class Members who worked one (1) or more shifts in excess of six (6) hours, but less than or equal to ten (10) hours.

All Class Members who worked one (1) or more shifts in excess of ten (10) hours.

All Class Members who were not paid for all time during which they were subject to the control of Defendant and/or suffered or permitted to work for Defendant during the relevant period of the statute of limitations.

All Class Members who had wages unlawfully deducted.

22. Plaintiff reserves the right under rule 1855, subdivision (b), California Rules of Court, to amend or modify the Class description with greater specificity or further division into subclasses or limitation to particular issues.

23. This action has been brought and may properly be maintained as a class action under the provisions of section 382 of the California Code of Civil Procedure because there is a well-defined community of interest in the litigation and the proposed Class is easily ascertainable.

A. **Numerosity**.

24. The potential members of the Class as defined are so numerous that joinder of all the members of the Class is impracticable. While the precise number of Class Members has not been determined at this time, Plaintiff is informed and believes that KROGER and/or DOES currently employ, and during the liability period employed, over one hundred (100) Class Members in Orange County during the liability period and who are or have been affected by KROGER's and/or DOES' policies of wage theft, failure to pay all straight and overtime wages owed, and failure to provide rest periods without the appropriate legal compensation.

25. Accounting for employee turnover during the relevant periods increases this number substantially. Upon information and belief, Plaintiff alleges KROGER's and/or DOES' employment records will provide information as to the number and location of all Class Members. Joinder of all members of the proposed Class is not practicable.

B. **Commonality.**

26. There are questions of law and fact common to the Class that predominate over any questions affecting only individual Class Members. These common questions of law and fact include, without limitation:

   (1) Whether KROGER and/or DOES violated the Labor Code and/or applicable IWC Wage Orders in failing to pay its non-exempt employees all earned wages at the regular rate for all hours worked.

   (2) Whether KROGER's and/or DOES' uniform policies and/or

FIRST AMENDED CLASS ACTION COMPLAINT   6

practices unlawfully rounded non-exempt employees time punches.

(3) Whether KROGER's and/or DOES' uniform policies and/or practices whereby non-exempt employees were pressured and/or incentivized to forego taking rest periods violated the Labor Code and/or applicable IWC Wage Orders.

(4) Whether KROGER's and/or DOES' uniform policies and/or practices whereby non-exempt employees were required to stay on the premises for rest periods violated the Labor Code and/or applicable IWC Wage Orders.

(5) Whether KROGER and/or DOES violated Labor Code section 226.7, IWC Wage Order No. 1-2001 or other applicable IWC Wage Orders, and/or California Code of Regulations, Title 8, section 11010, by failing to authorize, permit, and/or provide ten minute rest periods to its non-exempt employees for every four (4) hours or major fraction thereof worked and/or failing to pay said employees one (1) hour of pay at the employee's regular rate of compensation for each work day that the rest period was not authorized, permitted and/or provided.

27. The answer to each of these respective questions will generate a common answer capable of resolving class-wide liability in one stroke.

28. Said common questions predominate over any individualized issues and/or questions affecting only individual members.

**C.   Typicality**.

29. The claims of the named Plaintiff are typical of the claims of the proposed Class. Plaintiff and all members of the proposed Class sustained injuries and damages arising out of and caused by KROGER's and/or DOES' common course of conduct in violation of laws and regulations that have the force and effect of law and statutes as alleged.

30. Plaintiff OMAR ROSALES was subjected to the same uniform policies and/or practices complained of herein that affected all such employees. Thus, as OMAR ROSALES was

subjected to the same unlawful policies and practices as all non-exempt employees, his claims are typical of the class he seeks to represent.

**D.  Adequacy of Representation.**

31. Plaintiff will fairly and adequately represent and protect the interests of the members of the Class.

32. Plaintiff is ready and willing to take the time necessary to help litigate this case.

33. Plaintiff has no conflicts that will disallow him to fairly and adequately represent and protect the interests of the members of the Class.

34. Counsel who represent Plaintiff are competent and experienced in litigating large employment class actions.

35. Specifically, David Mara, Esq. and Jill Vecchi, Esq. of Mara Law Firm, PC, and Mohamed Eldessouky, Esq. of Eldessouky Law, are California lawyers in good standing.

36. Counsel who represent Plaintiff are competent and experienced in litigating large employment class actions.

37. The lawyers at Mara Law Firm and Eldessouky Law have been named class counsel in numerous cases.

38. Mr. Mara's and Ms. Vecchi's practice is primarily focused on representing classes, large and small, on the basis of California Labor Code and IWC Wage Order Violations similar to those alleged herein. The attorneys at the firm are also frequently called upon to and do author amicus briefs on behalf of the Consumer Attorneys of California on cases in the appellate courts and Supreme Court of California involving important issues relating to those alleged herein.

39. Mr. Eldessouky's practice is focused on employment law and protecting employees' rights in the workplace.

40. Mara Law Firm, PC and Eldessouky Law have the resources to take this case to trial and judgment, if necessary.

41. Mara Law Firm, PC and Eldessouky Law have the experience, ability, and ways and means to vigorously prosecute this case.

**E.      Superiority of Class Action.**

42.   A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all Class Members is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class. Each member of the Class has been damaged and is entitled to recovery by reason of KROGER's and/or DOES' illegal policies and/or practices of failing to pay all straight time and overtime wages owed and failing to permit or authorize rest periods.

43.   Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

44.   Because such common questions predominate over any individualized issues and/or questions affecting only individual members, class resolution is superior to other methods for fair and efficient adjudication.

## IV.   CAUSES OF ACTION

**FIRST CAUSE OF ACTION AGAINST KROGER AND/OR DOES: Failure to Pay All Straight Time Wages**

45.   Plaintiff and those similarly situated Class Members hereby incorporate by reference each and every other paragraph in this Complaint herein as if fully plead.

46.   Defendant and/or DOES have had a continuous policy of not paying Plaintiff and those similarly situated for all hours worked.

47.   It is fundamental that an employer must pay its employees for all time worked. California Labor Code sections 218 and 218.5 provides a right of action for nonpayment of wages. California Labor Code section 222 prohibits the withholding of part of a wage. California Labor Code section 223 prohibits the payment of less than a statutory or contractual wage scale. California Labor Code section 1197 prohibits the payment of less than the minimum wage. California Labor Code section 1194 states that an employee receiving less than the

|   |   |   |
|---|---|---|
| 1 |  | legal minimum wage is entitled to recover in a civil action the unpaid balance of the full |
| 2 |  | amount of this minimum wage. California Labor Code section 1194.2 states that an |
| 3 |  | employee receiving less than the legal minimum wage is entitled to recover liquidated |
| 4 |  | damages in an amount equal to the wages unlawfully unpaid and interest thereon. |
| 5 |  | California Labor Code section 224 only permits deductions from wages when the employer |
| 6 |  | is required or empowered to do so by state or federal law or when the deduction is expressly |
| 7 |  | authorized in writing by the employee for specified purposes that do not have the effect of |
| 8 |  | reducing the agreed upon wage. |
| 9 | 48. | Plaintiff and those similarly situated Class Members were employed by KROGER and/or |
| 10 |  | DOES at all relevant times. KROGER and/or DOES were required to compensate Plaintiff |
| 11 |  | for all hours worked and were prohibited from making deductions that had the effect of |
| 12 |  | reducing the agreed upon wage. |
| 13 | 49. | Defendant and/or DOES have had a continuous policy of not paying Plaintiff and those |
| 14 |  | similarly situated for all hours worked. For example, KROGER fails to pay Class Members |
| 15 |  | for the following hours worked: time that was rounded in Defendants' favor, and all other |
| 16 |  | time during which Class Members are subject to the control of KROGER and/or suffered |
| 17 |  | or permitted to work during periods of time for which KROGER is not paying them. Failing |
| 18 |  | to pay for all hours worked while under KROGER's control and/or while suffered or |
| 19 |  | permitted to work has resulted in Plaintiff and Class Members being deprived of straight |
| 20 |  | time wages throughout the Statutory Period. |
| 21 | 50. | Failing to pay for all hours worked while under KROGER's control and/or while suffered |
| 22 |  | or permitted to work has resulted in Class Members being deprived of straight time and/or |
| 23 |  | overtime wages throughout the Statutory Period. |
| 24 | 51. | Throughout the statutory period, KROGER and/or DOES have had a policy of rounding |
| 25 |  | Plaintiff's and the Class Members' time records. KROGER's and/or DOES' rounding |
| 26 |  | policy results in the systematic underpayment of wages to Plaintiff and the Class Members |
| 27 |  | and is in violation of California law. |
| 28 | 52. | Plaintiff recalls and believes that he worked for KROGER and/or DOES between the |

FIRST AMENDED CLASS ACTION COMPLAINT     10

following dates in the Class Period: March 24, 2017 through July 31, 2018.

53. Plaintiff's time punches were rounded in each and every shift he worked. For example, on July 28, 2017, KROGER's and/or DOES' records state that Plaintiff worked 10.3 hours. Yet, based upon Plaintiff's actual clock in and out times, he worked 10.39 hours. In addition, on September 1, 2017, KROGER's and/or DOES' records state that Plaintiff worked 10.2 hours. Yet, based upon Plaintiff's actual clock in and out times, he worked 10.28 hours. On February 9, 2018, KROGER's and/or DOES' records state that Plaintiff worked 12.7 hours. Yet, based upon Plaintiff's actual clock in and out times, he worked 12.71 hours. On February 21, 2018, KROGER's and/or DOES' records state that Plaintiff worked 11.8 hours. Yet, based upon Plaintiff's actual clock in and out times, he worked 11.81 hours. On March 13, 2018, KROGER's and/or DOES' records state that Plaintiff worked 12.4 hours. Yet, based upon Plaintiff's actual clock in and out times, he worked 12.41 hours. On April 14, 2018, KROGER's and/or DOES' records state that Plaintiff worked 12.1 hours. Yet, based upon Plaintiff's actual clock in and out times, he worked 12.14 hours. On April 18, 2018, KROGER's and/or DOES' records state that Plaintiff worked 11.5 hours. Yet, based upon Plaintiff's actual clock in and out times, he worked 11.63 hours. On June 30, 2018, KROGER's and/or DOES' records state that Plaintiff worked 9.6 hours. Yet, based upon Plaintiff's actual clock in and out times, he worked 9.65 hours. On July 2, 2018, KROGER's and/or DOES' records state that Plaintiff worked 10.1 hours. Yet, based upon Plaintiff's actual clock in and out times, he worked 10.15 hours. On July 23, 2018, KROGER's and/or DOES' records state that Plaintiff worked 9.4 hours. Yet, based upon Plaintiff's actual clock in and out times, he worked 9.45 hours.

54. Based upon KROGER's and/or DOES' unlawful rounding policy, Plaintiff and Class Members are owed unpaid wages.

55. Plaintiff and the Class Members are informed and believe and thereon allege that as a direct result of Defendant's and/or DOES' uniform policies and/or practices, Plaintiff and the Class Members have suffered, and continue to suffer, substantial unpaid wages, and lost interest on such wages, and expenses and attorneys' fees in seeking to compel KROGER

and/or DOES to fully perform their obligations under state law, all to their respective damage in amounts, according to proof at trial.

56. As a direct result of KROGER's and/or DOES' policy of illegal wage theft, Plaintiff and those similarly situated have been damaged in an amount to be proven at trial.

57. WHEREFORE, Plaintiff and the Class he seeks to represent request relief as described below.

**SECOND CAUSE OF ACTION AGAINST KROGER AND/OR DOES: Failure to Pay All Overtime Wages**

58. Plaintiff and those similarly situated Class Members hereby incorporate by reference each and every other paragraph in this Complaint herein as if fully plead.

59. It is fundamental that an employer must pay its employees for all time worked. California Labor Code sections 218 and 218.5 provides a right of action for nonpayment of wages. California Labor Code section 222 prohibits the withholding of part of a wage. California Labor Code section 223 prohibits the payment of less than a statutory or contractual wage scale. California Labor Code section 1197 prohibits the payment of less than the minimum wage. California Labor Code section 224 only permits deductions from wages when the employer is required or empowered to do so by state or federal law or when the deduction is expressly authorized in writing by the employee for specified purposes that do not have the effect of reducing the agreed upon wage.

60. KROGER and/or DOES failed to pay overtime when employees worked over eight (8) hours per day and when employees worked over forty (40) hours per week.

61. Plaintiff and those similarly situated Class Members were employed by KROGER and/or DOES at all relevant times. KROGER and/or DOES were required to compensate Plaintiff for all overtime hours worked and were prohibited from making deductions that had the effect of reducing the agreed upon wage.

62. KROGER and/or DOES failed to pay for the overtime that was due, pursuant to IWC Wage Order No. 1-2001, item 3(A).

63. Defendant and/or DOES have had a continuous policy of not paying Plaintiff and those

similarly situated for all hours worked. For example, KROGER fails to pay Class Members for the following hours worked: time that was rounded in Defendants' favor, and all other time during which Class Members are subject to the control of KROGER and/or suffered or permitted to work during periods of time for which KROGER is not paying them. Failing to pay for all hours worked while under KROGER's control and/or while suffered or permitted to work has resulted in Plaintiff and Class Members being deprived of overtime wages throughout the Statutory Period.

64. Throughout the statutory period, KROGER and/or DOES have had a policy of rounding Plaintiff's and the Class Members' time records. KROGER's and/or DOES' rounding policy results in the systematic underpayment of wages to Plaintiff and the Class Members and is in violation of California law.

65. Plaintiff recalls and believes that he worked for KROGER and/or DOES between the following dates in the Class Period: March 24, 2017 through July 31, 2018.

66. Plaintiff's time punches were rounded in each and every shift he worked. For example, on July 28, 2017, KROGER's and/or DOES' records state that Plaintiff worked 10.3 hours. Yet, based upon Plaintiff's actual clock in and out times, he worked 10.39 hours. In addition, on September 1, 2017, KROGER's and/or DOES' records state that Plaintiff worked 10.2 hours. Yet, based upon Plaintiff's actual clock in and out times, he worked 10.28 hours. On February 9, 2018, KROGER's and/or DOES' records state that Plaintiff worked 12.7 hours. Yet, based upon Plaintiff's actual clock in and out times, he worked 12.71 hours. On February 21, 2018, KROGER's and/or DOES' records state that Plaintiff worked 11.8 hours. Yet, based upon Plaintiff's actual clock in and out times, he worked 11.81 hours. On March 13, 2018, KROGER's and/or DOES' records state that Plaintiff worked 12.4 hours. Yet, based upon Plaintiff's actual clock in and out times, he worked 12.41 hours. On April 14, 2018, KROGER's and/or DOES' records state that Plaintiff worked 12.1 hours. Yet, based upon Plaintiff's actual clock in and out times, he worked 12.14 hours. On April 18, 2018, KROGER's and/or DOES' records state that Plaintiff worked 11.5 hours. Yet, based upon Plaintiff's actual clock in and out times, he worked

11.63 hours. On June 30, 2018, KROGER's and/or DOES' records state that Plaintiff worked 9.6 hours. Yet, based upon Plaintiff's actual clock in and out times, he worked 9.65 hours. On July 2, 2018, KROGER's and/or DOES' records state that Plaintiff worked 10.1 hours. Yet, based upon Plaintiff's actual clock in and out times, he worked 10.15 hours. On July 23, 2018, KROGER's and/or DOES' records state that Plaintiff worked 9.4 hours. Yet, based upon Plaintiff's actual clock in and out times, he worked 9.45 hours.

67. Based upon KROGER's and/or DOES' unlawful rounding policy, Plaintiff and Class Members are owed unpaid wages. In shifts over eith hours in which KROGER and/or DOES unlawfully rounded Plaintiff's and Class Members' time, the unpaid wages are owed at an overtime rate of pay.

68. Plaintiff and the Class Members are informed and believe and thereon allege that as a direct result of Defendant's and/or DOES' uniform policies and/or practices, Plaintiff and the Class Members have suffered, and continue to suffer, substantial unpaid overtime wages, and lost interest on such overtime wages, and expenses and attorneys' fees in seeking to compel KROGER and/or DOES to fully perform their obligations under state law, all to their respective damage in amounts according to proof at time of trial. KROGER and/or DOES committed the acts alleged herein knowingly and willfully, with the wrongful and deliberate intention on injuring Plaintiff and the Class Members. KROGER and/or DOES acted with malice or in conscious disregard of Plaintiff's and the Class Member's rights. In addition to compensation, Plaintiff is also entitled to any penalties allowed by law.

69. WHEREFORE, Plaintiff and the Class he seeks to represent request relief as described below.

**THIRD CAUSE OF ACTION AGAINST KROGER AND/OR DOES: Failure to Authorize and Permit Rest Periods (Lab. Code § 226.7; IWC Wage Order No. 1-2001(12); Cal. Code Regs. Title 8 § 11010)**

70. Plaintiff and those similarly situated Class Members hereby incorporate by reference each and every other paragraph in this Complaint herein, as if fully plead.

71. Under IWC Wage Order No. 1, every employer shall authorize and permit all employees

to take rest periods, "[t]he authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours worked or major fraction thereof." IWC Wage Order 1-2001(12). The time spent on rest periods "shall be counted as hours worked for which there shall be no deduction from wages." *Id.*

72. Under California Labor Code section 226.7, if the employer does not provide an employee a rest period in accordance with the above requirements, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest break is not provided.

73. At all relevant times, Defendant and/or DOES failed to authorize and/or permit rest period time based upon the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof.

74. KROGER and/or DOES did not allow Plaintiff and the Class Members to leave the work location during rest periods. KROGER's and/or DOES' "Kroger La Habra Bakery Associate Handbook" states "Each day, hourly associates are entitled to a ten (10) minute paid break for each four hours worked. Breaks are provided so that associates can attend to personal matters, such as getting a snack or refreshment, using the rest room, smoking in designated areas, and making personal phone calls. It is not acceptable to leave the premises during the paid break time."

75. KROGER's and/or DOES' "Kroger La Habra Bakery Associate Handbook" further states "If it becomes necessary for you to leave the building during working hours, you must obtain permission from your Supervisor (except during lunch). Hourly associates must clock out when leaving the plant during working hours and then clock back in upon returning to work. If you leave for personal reasons, the time you are away from work will not be paid. If you have left for business reasons, you will be required to clock out and then back in when returning. You will then be required to submit a manual payroll adjustment form to get paid for the proper time."

76. Under these handbook policies, Plaintiff and the Class Members are not permitted to leave the premises during rest periods in violation of California law.

77. Plaintiff recalls and believes that he worked for KROGER and/or DOES between the following dates in the Class Period: March 24, 2017 through July 31, 2018.

78. During his employment, Plaintiff worked shifts which qualified for rest periods. For example, on December 12, 2017, Plaintiff worked a shift of approximately 9.4 hours; on February 7, 2018, Plaintiff worked a shift of approximately 8.80 hours; on February 9, 2018, Plaintiff worked a shift of approximately 12.68 hours; on February 10, 2018, Plaintiff worked a shift of approximately 10.83 hours; on February 12, 2018, Plaintiff worked a shift of approximately 11.07; on February 13, 2018, Plaintiff worked a shift of approximately 13.34 hours; on February 14, 2018, Plaintiff worked a shift of approximately 11.69 hours; on February 15, 2018, Plaintiff worked a shift of approximately 8.81 hours; on February 16, 2018, Plaintiff worked a shift of approximately 9.91 hours; on June 30, 2018, Plaintiff worked a shift of approximately 9.65 hours.

79. In each shift that qualified for a rest period, Plaintiff was subject to KROGER's and/or DOES' handbook, including the policies outlined above. On this basis, Plaintiff was deprived of rest periods that complied with California law because KROGER and/or DOES did not permit him to leave the premises during rest periods.

80. Throughout the statutory period, KROGER's and/or DOES' uniform policies and practices resulted in Class Members not receiving rest breaks.

81. Throughout the statutory period, KROGER and/or DOES valued productivity over providing rest periods and, because of this, rest periods were not priorities to KROGER and/or DOES.

82. Throughout the statutory period, KROGER's and/or DOES' policies promoting productivity subjugated Plaintiff's and those similarly situated's rights to rest periods.

83. As a result of the unlawful acts of KROGER and/or DOES, Plaintiff and the Class he seeks to represent have been deprived of premium wages, in amounts to be determined at trial, and are entitled to recovery of such amounts, plus interest and penalties thereon, attorneys' fees and costs, pursuant to Labor Code section 226.7, and IWC Wage Order No. 1-2001.

84. WHEREFORE, Plaintiff and the Class he seeks to represent request relief as described

below.

**FOURTH CAUSE OF ACTION AGAINST KROGER AND/OR DOES**: Violation of Unfair Competition Law (California Bus. & Prof. Code, § 17200, et seq.)

85. Plaintiff and those similarly situated Class Members hereby incorporate by reference each and every other paragraph in this Complaint herein as if fully plead.

86. KROGER and/or DOES failure to pay all straight time and overtime wages earned and failure to provide compliant rest breaks and/or compensation in lieu thereof, as alleged herein, constitutes unlawful activity prohibited by California Business and Professions Code section 17200, et seq.

87. The actions of KROGER and/or DOES in failing to pay Plaintiff and members of the proposed Class in a lawful manner, as alleged herein, constitutes false, unfair, fraudulent and deceptive business practices, within the meaning of California Business and Professions Code section 17200, et seq.

88. Plaintiff is entitled to an injunction and other equitable relief against such unlawful practices in order to prevent future damage, for which there is no adequate remedy at law, and to avoid a multiplicity of lawsuits. Plaintiff brings this cause individually and as members of the general public actually harmed and as a representative of all others subject to KROGER and/or DOES unlawful acts and practices.

89. As a result of their unlawful acts, KROGER and/or DOES have reaped and continue to reap unfair benefits at the expense of Plaintiff and the proposed Class he seeks to represent. KROGER and/or DOES should be enjoined from this activity and made to disgorge these ill-gotten gains and restore Plaintiff and the members of the proposed Class pursuant to Business and Professions Code section 17203. Plaintiff is informed and believes, and thereon alleges, that Defendants and/or DOES are unjustly enriched through their policy of not all wages owed to Plaintiff and members of the proposed Class.

90. Plaintiff is informed and believes, and thereon alleges, that Plaintiff and members of the proposed class are prejudiced KROGER and/or DOES unfair trade practices.

91. As a direct and proximate result of the unfair business practices of KROGER and/or DOES,

and each of them, Plaintiff, individually and on behalf of all employees similarly situated, are entitled to equitable and injunctive relief, including full restitution and/or disgorgement of all wages and premium pay which have been unlawfully withheld from Plaintiff and members of the proposed Class as a result of the business acts and practices described herein and enjoining KROGER and/or DOES from engaging in the practices described herein.

92. The illegal conduct alleged herein is continuing, and there is no indication that KROGER and/or DOES will cease and desist from such activity in the future. Plaintiff alleges that if KROGER and/or DOES are not enjoined from the conduct set forth in this Complaint, they will continue the unlawful activity discussed herein.

93. Plaintiff further requests that the Court issue a preliminary and permanent injunction prohibiting KROGER and/or DOES from continuing to not pay Plaintiff and the members of the proposed Class overtime wages as discussed herein.

94. WHEREFORE, Plaintiff and the Class he seeks to represent request relief as described below.

## V. **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment as follows:

A. That the Court determine that this action may be maintained as a class action;

B. For compensatory damages, in an amount according to proof at trial, with interest thereon;

C. For economic and/or special damages in an amount according to proof with interest thereon;

D. For unpaid straight time and overtime wages, in an amount according to proof at trial, with interest thereon;

E. For compensation for all time worked;

F. For compensation for not being provided paid rest breaks;

G. That Defendant be found to have engaged in unfair competition in violation of sections 17200 et seq. of the California Business and Professions Code;

H. That Defendant be ordered and enjoined to make restitution to the Class due to their unfair competition, including disgorgement of their wrongfully withheld wages pursuant to California Business and Professions Code sections 17203 and 17204;

I. That an order of specific performance of all penalties owed be issued under Business and Professions Code sections 17202;

J. That Defendant be enjoined from continuing the illegal course of conduct, alleged herein;

K. That Defendant further be enjoined to cease and desist from unfair competition in violation of section 17200 et seq. of the California Business and Professions Code;

L. That Defendant be enjoined from further acts of restraint of trade or unfair competition;

M. For attorneys' fees;

N. For Liquidated Damages;

O. For interest accrued to date;

P. For costs of suit and expenses incurred herein; and

Q. For any such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial.

Dated: May 17, 2021                            **MARA LAW FIRM, PC**

　　　　　　　　　　　　　　　　　　　　　　 /s/ *David Mara*
　　　　　　　　　　　　　　　　　　　　　　David Mara, Esq.
　　　　　　　　　　　　　　　　　　　　　　Jill Vecchi, Esq.
　　　　　　　　　　　　　　　　　　　　　　Attorneys for Plaintiff OMAR ROSALES on behalf of himself, all others similarly situated, and on behalf of the general public